**The STATE of Ohio, Appellee,**

v.

**DePUE, Appellant.**

[Cite as *State v. DePue* (1994), 96 Ohio App.3d 513.]

Court of Appeals of Ohio,
Athens County.

No. 1589.

Decided June 29, 1994.

**514**

Peter B. Abele, J., filed concurring opinion.

*George McCarthy,* Athens City Prosecuting Attorney, for appellee.
*John P. Lavelle,* for appellant.

GREY, Judge.

This is an appeal from the judgment of the Athens Municipal Court.

On October 3, 1992, DePue was involved in a one-vehicle accident and taken to the hospital. The Ohio State Patrol investigated the accident and seized two guns, a .357 caliber Ruger Black Hawk pistol and a .45 caliber Ruger Black Hawk pistol, found in DePue's vehicle. On October 5, 1992, DePue was arrested and charged with driving under the influence, R.C. 4511.19(A)(1), and with two counts of carrying a concealed weapon, R.C. 2923.12(A), a felony of the fourth degree.

On October 9, 1992, DePue was released on his own recognizance and a preliminary hearing was set for October 12, 1992. A handwritten note on the trial court's October 9, 1992 journal entry states that the matter was dismissed for want of prosecution with costs to the state. On October 13, 1992, the trial court also put on an entry that "[u]pon motion of the State of Ohio, and for good cause shown, this case is hereby dismissed." The trial court does not state whether this entry is intended to dismiss the entire case or only the concealed weapons charges.

Nonetheless, the DUI case apparently proceeded. On January 15, 1993, the trial court suppressed DePue's blood test on the grounds that it was not performed in accordance with statutory procedure. The state then reduced the charge to reckless operation. On February 10, 1993, DePue pleaded no contest to the reckless operation charge and was convicted and sentenced. DePue does not challenge any aspect of his conviction and sentence on the reckless operation charge.

Subsequently, the state tendered an entry to DePue soliciting his agreement to the forfeiture of the guns seized by the State Highway Patrol. DePue refused to sign the entry and filed a motion for the return of the guns on March 19, 1993. The matter was set for hearing on April 6, 1993. When he appeared at the hearing, he was served with a copy of the new charge of improper handling of a firearm in violation of R.C. 2923.16(B), a misdemeanor of the first degree. DePue filed a motion to dismiss the new charge on May 10, 1993. The trial court denied the motion on May 21, 1993. On July 14, 1993, DePue entered a plea of no contest to the improper handling charge. He was subsequently convicted and sentenced by the trial court.

As a condition of his sentence, DePue's guns were ordered forfeited, he was fined $100, and ordered to serve ten days in the Athens County jail. The jail sentence was suspended provided DePue not violate any laws for two years and complete a residential treatment program within ninety days of the entry of judgment. DePue appeals the conviction and sentence on the improper handling charge and the order of forfeiture of his guns.

DePue assigns two errors.

FIRST ASSIGNMENT OF ERROR:

"The trial judge erred in overruling Appellant's motion to dismiss on speedy trial grounds."

■ Our review begins with a summary of the relevant dates and events:

October 5, 1992—DePue arrested and charged with D.U.I. and two counts of carrying a concealed weapon.

October 12—Concealed weapon charges dismissed.

January 15, 1993—Trial court suppressed DePue's blood test.

February 10—DePue pleaded no contest to reckless operation charge, was convicted and sentenced.

March 18—State tendered entry to DePue soliciting forfeiture of the weapon.

March 19—DePue filed motion for return of his weapon.

April 6—At motion hearing, DePue served with new charge of improper handling of a firearm.

May 10—DePue filed motion to dismiss improper handling charge.

May 21—Trial court denied the motion to dismiss.

July 14—Journal entry accepting DePue's no contest plea to the improper handling charge.

The standard of review in speedy trial cases is to simply count the days as directed in R.C. 2945.71 *et seq.* However, as this court has previously noted, there are as many different means of calculating the speedy trial deadline as there are parties involved. See *State v. Cayse* (June 29, 1993), Highland App. No. 803, unreported, 1993 WL 271339.

■ R.C. 2945.71(B)(2) requires that a person charged with a first-degree misdemeanor shall be brought to trial within thirty days if incarcerated or ninety days if out on bond. Such a statutory provision is intended to prevent inexcusable delay by the judicial system. *Cayse.* See, also, *State v. Cross* (1971), 26 Ohio St.2d 270, 55 O.O.2d 495, 271 N.E.2d 264.

■ To resolve the speedy trial issue herein, we must calculate the time elapsed from the date of DePue's arrest to the date of the final hearing on the improper handling charge. In order to determine the exact number of days that should have been counted against the state, we must examine each relevant date to ensure they either tolled the speedy trial statute or allowed it to run.

The first relevant time period is the time between the date of the two original charges of carrying a concealed weapon on October 5, 1992, and the trial court's dismissal of the charges on October 12, 1992. This period equals seven days. As this time period is subsumed by the time period between his arrest on the

original DUI and concealed weapon charges, the time elapsed against the state on the speedy trial statute is zero.

The second relevant time period is the time between the original DUI charges filed on October 6, 1992, the day after the filing of the DUI charges, until February 10, 1993, the day of DePue's conviction and sentencing on the reckless operation charge. This period equals one hundred and twenty-eight days.

The next time period we must calculate is from the day after the trial court's conviction and sentencing on the reckless operation charge on February 10, 1993, until April 5, 1993, the day preceding the state's charge against DePue of improperly handling of a firearm on April 6, 1993. These dates reflect the time period during which DePue was not under any stigma associated with any criminal proceeding such as the DUI, the reckless operation charge, or the concealed weapons charges. This time period is also at the crux of the speedy trial issue presented herein.

■ The Ohio Supreme Court has held that "the speedy trial statute shall run against the state only during the time in which an indictment or charge of felony is *pending.*" *State v. Broughton* (1991), 62 Ohio St.3d 253, 258, 581 N.E.2d 541, 245. See, also, R.C. 2945.71(C). Following *Broughton,* we hold that the statute is tolled during the time period between the original dismissal of charges and the subsequent refiling of new charges based upon the same underlying facts as the original charges unless the defendant is being held in jail or released on bail pursuant to Crim.R. 12(I). See *Broughton, supra.*

■ Thus, in applying the statute to the case herein, we calculate the total number of days which ran against the state, pursuant to R.C. 2945.71, from February 11, 1993, the first day DePue was not under any charges related to the confiscated weapon, to April 5, 1993, the day before DePue was charged with the second charge related to the confiscated weapon, as zero days. This determination is based on the fact that no charges were "pending" against DePue during this time period. See *Broughton, supra.*

We must next consider the time period between the state's service of the new charge against DePue on the improper handling charge on April 6, 1993, and his filing of a motion to dismiss on May 10, 1993. Under R.C. 2945.71(B)(2), a party charged with a first-degree misdemeanor must be brought to trial within thirty days if he is incarcerated, or ninety days if he is out on bond.

In this case, the transcript of the record reveals that DePue, through his counsel, waived his right to an arraignment and accepted service of the new charges brought against him at the April 6, 1993 hearing. Thus, under the statute, since the filing of the charges and the acceptance of service of the

charges were the same day, April 6, 1993 is the proper point to resume our calculation of the running of the speedy trial period.

In *Broughton*, the Supreme Court held that the speedy trial time period is tolled upon a defendant's motion to dismiss on double jeopardy grounds. See *Broughton, supra,* 62 Ohio St.3d at 261, 581 N.E.2d at 547–548. See, also, *State v. Bickerstaff* (1984), 10 Ohio St.3d 62, 67, 10 OBR 352, 356–357, 461 N.E.2d 892, 896–897. R.C. 2945.72(E) also provides that a motion to dismiss tolls the time within which a defendant must be brought to trial.

Thus, by our calculations, from April 6, 1993, to May 10, 1993, thirty-five days ran under the speedy trial statute against the state. Consequently, a total of one hundred and sixty-three days had elapsed, for speedy trial purposes, from the date of the original concealed weapons charges, October 6, 1992 to February 10, 1993, the date of DePue's no contest plea to the reckless operation charge, and April 6, 1993 to May 10, 1993, the time period that ran on the improper handling of a firearm charge. For speedy trial purposes, the total number of days that ran against the state pursuant to R.C. 2945.71 *et seq.* and Crim.R. 45(A), was one hundred sixty-three days. Accordingly, the state did not properly bring DePue to trial within the ninety days allowed under the speedy trial statute.

The first assignment of error is sustained.

SECOND ASSIGNMENT OF ERROR

"The lower court erred in forfeiting defendant's firearm as the state failed to seek this penalty prior to sentencing in Case No. 92TRC10–35."

In his second assignment of error, DePue argues that the petition for the forfeiture of his weapon was filed after he had already been convicted and sentenced on the reckless operation charge on February 10, 1993. He contends that under *State v. Casalicchio* (1991), 58 Ohio St.3d 178, 569 N.E.2d 916, the filing of the new charges amounts to double jeopardy. He also argues that the new charges were only a pretext to coerce the forfeiture of his gun after he had already been convicted and sentenced on the reckless operation charge.

In *Casalicchio*, the Supreme Court held that "where property is ruled contraband pursuant to R.C. 2933.42(B), forfeiture of that property pursuant to R.C. 2933.43 constitutes a separate criminal penalty in addition to the penalty the defendant faces for conviction of the underlying felony." *Id.* at 182–183, 569 N.E.2d at 921.

Because the forfeiture petition in this case was filed after DePue's conviction and sentence on the reckless operations charge, we hold that it was barred by the Double Jeopardy Clauses of both the Ohio and the United States Constitutions, under the authority of *State v. Casalicchio.*

The second assignment of error is sustained.

Based on the foregoing the judgment of the trial court of conviction, sentence and forfeiture is reversed, and the defendant is ordered discharged.

*Judgment reversed.*

HARSHA, P.J., and PETER B. ABELE, concur in judgment only.

PETER B. ABELE, Judge, concurring.

I agree with the principal opinion that appellee did not bring appellant to trial within the statutory speedy trial time. In *State v. Wood* (1992), 81 Ohio App.3d 489, 492, 611 N.E.2d 418, 420, the court wrote:

"We agree with the holding in *State v. Clay, supra,* that when new and additional charges arise from the same facts as did the original charge and the state knew of such facts at the time of the initial indictment, the time within which trial is to begin on the additional charge is subject to the same statutory limitations period that is applied to the original charge. Any other interpretation would clearly frustrate the purposes of the speedy trial statute. The state does not suggest there were any undiscovered *facts* relating to the events which led to the appellant's arrest."

In the instant case, there is no reason the state could not have charged appellant with improper handling of firearms in a motor vehicle when it initially charged appellant with driving under the influence and carrying a concealed weapon. The state knew of the facts surrounding the firearms at the time it lodged the driving under the influence charge and the carrying a concealed weapon charge. See *Wood, supra; State v. Adams* (1989), 43 Ohio St.3d 67, 538 N.E.2d 1025; *State v. DeLong* (1990), 70 Ohio App.3d 402, 591 N.E.2d 345; *State v. Clay* (1983), 9 Ohio App.3d 216, 9 OBR 366, 459 N.E.2d 609; *State v. Bonarrigo* (1980), 62 Ohio St.2d 7, 16 O.O.3d 4, 402 N.E.2d 530. Thus, the time that elapsed during the pendency of the driving under the influence charge must be included in the speedy trial time calculation for the improper handling of firearms. Appellee did not bring appellant to trial within the statutory speedy trial time.