JOURNAL ENTRY AND OPINION
This appeal arises from the trial court's granting of defendant's motion to dismiss alleging a violation of the Speedy Trial Act, Ohio Revised Code 2945.71, et seq.
Defendant-appellee, Seventeenth Street Association, was served a summons and criminal complaint by certified mail on August 24, 1998. The complaint alleges a violation of section 349.08 of the Codified Ordinances of the City of Cleveland, Ohio. The complaint set forth a September 30, 1998 arraignment hearing.
Appellee's counsel appeared in person at the Housing Court on September 2, 1998 in an effort to determine the status of the complaint. The complaint had not been docketed, and no record of the complaint could be found by Court Administrator Lilly Miller. The appellee argues that, as a result, he reasonably concluded the summons and complaint were apocryphal.
The complaint was ultimately docketed on September 7, 1998, a full two weeks after service of the summons and complaint.
The defendant-appellee failed to appear for the arraignment hearing scheduled on September 30, 1998. As a consequence, a capias was issued on September 30th. On November 10, 1998, the capias was recalled and, at the appellant's request, the case was continued to December 16, 1998 and thereafter to December 21, 1998, at which time appellee entered a plea of not guilty. The defendant also waived speedy trial, but only for the period subsequent to December 21, 1998.
On December 29, 1998, defendant filed a motion to dismiss with prejudice for violation of the speedy trial act, R.C. 2945.71,et seq. On January 20, 1999, a hearing on the matter was conducted; no witnesses were called. At the hearing, the parties stipulated as to the factualness of appellee's attorney's account of his efforts to determine the status of the case between service of the summons and the actual filing of the summons and complaint with the Clerk of Court.
On February 5, 1999, the trial court released its judgment entry granting defendant-appellee's motion to dismiss with prejudice for violation of the speedy trial act. Plaintiff-appellant. City of Cleveland, now appeals. Appellant's sole assignment of error states:
 THE TRIAL COURT ABUSED ITS DISCRETION TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT WHEN IT DISMISSED THE CASE FOR VIOLATION OF THE SPEEDY TRIAL ACT WHEN THE SPEEDY TRIAL PERIOD HAS NOT EXPIRED PURSUANT TO R.C. § 2945.71 AND CASE AUTHORITY.
Appellant buttresses his assignment of error with three arguments. First, appellant contends that the issuance of the capias constitutes a bad act of the appellee that not only tolls the speedy trial time, it starts the time period anew. He argues that this analysis is in line with the case law and R.C. §2945.72(D). Second, appellant argues that the defendant-appellee's attorney acted negligently when attempting to obtain a trial court case number. Third, appellant contends that the speedy trial statute was not violated because the period was tolled on numerous occasions.
The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial * * *." This provision has been held to be applicable to state criminal trials via theFourteenth Amendment. Klopfer v. North Carolina (1967), 386 U.S. 213. The Ohio Constitution provides similar protection. See Section 10, Article I. In State v. Meeker (1971), 26 Ohio St.2d 9, paragraph three of the syllabus, the Ohio Supreme Court held that "[t]he constitutional guarantees of a speedy trial are applicable to unjustifiable delays in commencing prosecution, as well as to unjustifiable delays after indictment."
The General Assembly has enacted R.C. 2945.71 through 2945.73
in a legislative attempt to quantify a defendant's right to a speedy trial as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution. Section 2945.71 of the Ohio Revised Code provides in pertinent part:
 (B) A person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial:
* * *
 (2) Within ninety days after his arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree, or other misdemeanor for which the maximum penalty is imprisonment for more then sixty days.
In the case sub judice, this section of the statute is applicable given that the underlying claim of plaintiff is an alleged violation of Section 349.08 of the Codified Ordinances of the City of Cleveland, screening is required on a lot that is adjacent to a residence district or that adjoins a building containing units, which carries a penalty of not more than ninety days imprisonment.
The standard of review in a speedy trial case is simply to calculate the days as directed in R.C. 2945.71, et seq. State v.DePue (1994), 96 Ohio App.3d 513, 516, 645 N.E.2d 745; see, also,State v. Gabel (Oct. 31, 1996), Cuyahoga App. No. 69607, unreported. Our review of the record in this case indicates that the trial court correctly granted defendant-appellee's Motion to Dismiss.
This court's computation of time is as follows:
August 24, 1998-September 30, 38 days date of service to the issuance of the capias.
September 30, 1998-November 41 days (totaling 79 days) 10, 1998, issuance of capias to the recall of the capias.
November 10, 1998-December 41 days (totaling 120 days) 21, 1998, date of the capias recall to defendant's plea of not guilty.
The aggregate total of days between service of the summons and complaint to the actual arraignment date is 120 days. The statutory mandate is that the defendant be brought to trial within 90 days. Thus, unless the time period was properly tolled, pursuance of the matter would be in violation of the speedy trial provisions of the Revised Code.
The time for trial may be extended by any period of delay occasioned by the neglect or improper act of the accused, R.C.2945.72(D); any period of delay necessitated by reason of plea in bar or abatement, motion, proceeding, or action made or instituted by the accused, R.C. 2945.72(E); and the period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion, R.C. 2945.72(H).
Appellant argues that the issuance of a capias is per se evidence of negligence on behalf of the appellee. As such, appellant argues the time period was not only tolled, but started anew with the issuance of the capias. Appellant further arguesarguendo, that if the issuance of a capias does not start the time period anew, the defendant was still negligent in the manner he pursued the case. As a result, the time period was tolled when the trial court issued the capias. We disagree with appellant's arguments.
The appellant cites Ohio v. Hogan (Oct. 9, 1997), Cuyahoga App. No. 71337, unreported, in support of his argument. In Hogan, this court held that once a capias is issued against a defendant for his failure to appear, the speedy trial time is recalculated from the time of his rearrest on the capias. However, Hogan is inapplicable in the instant case.
In the case sub judice, the capias was erroneously issued and subsequently recalled, therefore, there was no subsequent re-arrest. Furthermore, the First District Court of Appeals has held that an erroneously issued, and later recalled capias, in no way serves to toll the speedy trial period. Therefore, the delay is chargeable to the state. State v. Veid (Sept. 25, 1996), Hamilton County App. No. C-950495, unreported.
The trial judge recalled the capias on November 10, 1998. In its February 5, 1999 judgment entry, the trial court stated that defendant was blameless for the issuance of the capias. The trial court found that the appellee "made [a] diligent effort to unravel the disconnect between the existence of a summons and the absence of a docketed case to support the summons." The facts, as stipulated to by the state, do not indicate the trial court's finding was an abuse of discretion. As such, under R.C. 2945.72(D) the time period between September 30, 1998 and November 10, 1998 is not tolled and is properly charged to the appellant.
Appellant's assignment of error is overruled.
JUDGMENT AFFIRMED.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions. ________________________ JAMES D. SWEENEY, JUDGE
DYKE, A.J. AND KARPINSKI, J., CONCUR.