OPINION
{¶ 1} This is an appeal by Appellant Karey L. Hall from an April 29, 2004, Judgment Entry in the Licking County Municipal Court following a plea of no contest to a charge of OMVI, in violation of R.C. 4511.19.
 {¶ 2} Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} This case, while being an appeal from Case No. 03-TRC-16167, initially began as Case No. 03-TRC-13277. The chronology of such case is as follows:
 {¶ 4} Appellant was arrested on September 28, 2003. The facts leading up to such arrest are as follows:
 {¶ 5} According to the Newark Police Department's Statement of Facts, Incident Number 03-25967: On September 28, 2003, Patrolman Arndt of the Newark Police Department received a call from the dispatcher to be on the lookout for a green Ford pick-up truck containing three underage girls who were suspected of underage drinking. The girls were reported to have been drinking at the BW3's restaurant in Heath, Ohio. Patrolman Arndt and several other officers conducted a search of a number of drinking establishments near the intersection of 11th and Main to try to locate the vehicle matching the dispatcher's description. Patrolman Arndt observed a green F-150 Ford pick-up truck in a nearby parking lot. As he approached the vehicle, he observed that the vehicle's engine was running and that Appellant was seated in the driver's seat. He also observed a couple of other girls, who appeared to be underage, arguing with her, trying to persuade her to get out of the vehicle.
 {¶ 6} Upon approaching the vehicle, Patrolman Arndt observed that the driver appeared to be intoxicated and was arguing with her friends, telling them that she was okay to drive. He stated that her eyes appeared glassy and bloodshot. Patrolman Arndt requested that Appellant exit the vehicle and perform certain field sobriety tests. He observed six of six clues on the HGN test. Upon being asked to perform the one-leg stand test, Appellant attempted to perform same but told the officer that she could not take any further tests. He further observed that she smelled of alcohol and had difficulty exiting the vehicle. Appellant was transported to the police station, where she made three attempts to provide a breath sample, but being unable to do so, provided a urine sample. Appellant was arrested and charged with OMVI.
 {¶ 7} On October 1, 2003, at her arraignment, Appellant entered a plea of not guilty.
 {¶ 8} On October 14, 2003, Appellant filed and served her demand for discovery on the State of Ohio.
 {¶ 9} On November 7, 2003, the State filed its discovery response. In the Bill of Particulars, the State indicated that the charge was R.C. 4511.19(A)(1) and (A)(7).
 {¶ 10} On November 10, 2003, Appellant filed a Motion to Dismiss either the (A)(1) or the (A)(7) charge. Appellant also moved the trial court to suppress all evidence including the urine tests based on a lack of probable cause to arrest.
 {¶ 11} A pre-trial was conducted on November 21, 2003.
 {¶ 12} On December 16, 2003, an oral hearing was held on Appellant's motion to suppress.
 {¶ 13} The trial court found that Appellant had not been charged with a violation of R.C. 4511.19(A)(7) and further denied Appellant's motion to suppress. (A judgment entry memorializing these rulings was filed on January 15, 2004).
 {¶ 14} On December 23, 2003, Appellant was served with the complaint which is the subject of this appeal, that being 03-TRC-16167, charging her with a violation of R.C. 4511.19
occurring on September 28, 2003.
 {¶ 15} On December 30, 2003, the trial court sua sponte consolidated 03-TRC-16167 and 03-TRC-13277.
 {¶ 16} On January 20, 2004, Appellant filed a motion to suppress all evidence, including the urine tests and results, due to a lack of probable cause to arrest and also moved to dismiss based on a denial of a speedy trial.
 {¶ 17} On January 26, 2004, a hearing was held on Appellant's motion to suppress.
 {¶ 18} At said suppression hearing, the trial court heard testimony from Patrolman David Arndt, Dispatcher Jackie Bardsley, Criminalist Brandon Shane Werry and Appellant.
 {¶ 19} By judgment entry filed March 3, 2004, the trial court denied Appellant's motion to suppress.
 {¶ 20} By judgment entry dated April 22, 2004, the trial court denied Appellant's motion to dismiss for lack of a speedy trial.
 {¶ 21} On April 29, 2004, the date set for the jury trial in Case No. 03-TRC-13277, the State moved to dismiss the complaint in said case, which the trial court granted. Appellant entered a plea of no contest in Case No. 03-TRC-16167.
 {¶ 22} It is from this conviction Appellant now appeals, assigning the following errors for review:
 ASSIGNMENTS OF ERROR {¶ 23} "I. The trial court erred and/or abused its discretion in denying appellant's speedy trial motion.
 {¶ 24} "II. The trial court erred and/or abused its discretion in failing to suppress all evidence due to lack of reasonable suspicion of criminal activity.
 {¶ 25} "III. The trial court erred and/or abused its discretion by overruling appellant's motion to suppress the urine test and its results."
 I. {¶ 26} In her first assignment of error, Appellant contends the trial court erred in denying her speedy trial motion. We disagree.
 {¶ 27} In Ohio, the right to a speedy trial has been implemented by statutes that impose a duty on the State to bring to trial a defendant who has not waived his right to a speedy trial within the time specified by the particular statute. R.C. 2945.71.
 {¶ 28} Appellant argues that she was not brought to trial within the 90 day speedy trial guidelines for a first-degree misdemeanor as provided by Revised Code' 2945.71.
 {¶ 29} Our standard of review upon an appeal raising a speedy trial issue is to count the expired days as directed by R.C. §2945.71, et seq. State v. DePue (1994), 96 Ohio App.3d 513,516, 645 N.E.2d 745; See, also, Cleveland v. Seventeenth StreetAssociation (Apr. 20, 2000), Cuyahoga App. No. 76106; State v.Gabel (Oct. 31, 1996), Cuyahoga App. No. 69607. Where we find ambiguity, we construe the record in favor of the accused. Statev. Singer (1977), 50 Ohio St.2d 103, 109, 362 N.E.2d 1216;State v. Mays (1996), 108 Ohio App.3d 598, 609, 671 N.E.2d 553.
 {¶ 30} The law in Ohio is that the right to a speedy trial time starts to run the day after arrest. R.C. 2945.71. However, we toll "any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused." R.C. 2945.72(E).
 {¶ 31} Appellant was arrested on September 28, 2003.
 {¶ 32} On October 14, 2003, Appellant filed a motion for discovery, a motion for a bill of particulars, and a request for evidence. The Ohio Supreme Court held in all situations motions by the accused for discovery and for bill of particulars constituted tolling events. State v. Brown,98 Ohio St.3d at 123, 781 N.E.2d 159. The State responded on November 7, 2003.
 {¶ 33} Appellant filed a motion to dismiss/motion to suppress on November 10, 2003. A motion to dismiss tolls the time in which a defendant must be tried. State v. Bickerstaff (1984),10 Ohio St.3d 62, 67, 461 N.E.2d 892. A suppression hearing was held on this motion on December 16, 2003 and a judgment entry was filed on January 15, 2004, denying said motion.
 {¶ 34} On January 15, 2004, Appellant filed a Motion for Reconsideration, which was denied on January 22, 2004.
 {¶ 35} Appellant filed a second Motion to Suppress on January 20, 2004, which also contained a motion to dismiss on speedy trial grounds. The court held a second suppression hearing on January 26, 2004. A judgment entry was filed on March 3, 2004, denying this second motion to suppress. A separate judgment entry filed April 22, 2004, denied Appellant's motion to dismiss.
 {¶ 36} These defense motions toll the speedy trial statute. With the exception of the time period of September 29, 2003 through the filing of the motions for discovery filed on October 14, 2003, and November 7, 2003 through November 10, 2003, there was always a motion, be it a motion to suppress, a motion to dismiss or a motion for reconsideration, pending until April 22, 2004. Appellant entered her plea on April 29, 2004. We therefore calculate twenty seven days net speedy trial days. Even if we count the time period from December 16, 2003, when the new citation was issued, to December 30, 2003, when the new and old cases were consolidated, that being an additional fifteen days, we still only reach 41 net speedy trial days.
 {¶ 37} Appellant's first assignment of error is overruled.
 II., III. {¶ 38} In her second and third assignments of error Appellant argues that the trial court erred in overruling her motion to suppress. We disagree.
 {¶ 39} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See: State v. Fanning (1982), 1 Ohio St.3d 19;State v. Klein (1991), 73 Ohio App.3d 486, State v. Guysinger
(1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See:State v. Williams (1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry
(1994), 95 Ohio App.3d 93, 96, State v. Claytor (1993),85 Ohio App.3d 623, 627, 620 N.E.2d 906, 908, and State v. Guysinger
(1993), 86 Ohio App.3d 592, 594. In this case, Appellant is contending that the trial court incorrectly decided the ultimate issue.
 {¶ 40} Appellant argues a lack of reasonable suspicion surrounding her arrest.
 {¶ 41} Based on Patrolman Arndt's testimony concerning the dispatch he received and his observation of Appellant's vehicle matching the description, with a number of girls who appeared to be underage standing outside of same arguing with another girl seated behind the wheel who appeared to be intoxicated, we find that he had articulable and reasonable suspicion to detain Appellant for the purpose of limited questioning. Terry v. Ohio
(1968), 392 U.S. 1.
 {¶ 42} With regard to suppression of the urine test, Appellant argues that once the officer requested that Appellant perform a breath test, he was not permitted to request that she perform a urine test. She bases her argument on the language of R.C. 4511.191(A) which provides:
 {¶ 43} "Any person who operates a vehicle upon a highway or any public or private property used by the public for vehicular travel or parking within this state shall be deemed to have given consent to a chemical test or tests of the person's blood, breath, or urine for the purpose of determining the alcohol, drug, or alcohol and drug content of the person's blood, breath, or urine if arrested for operating a vehicle while under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse or for operating a vehicle with a prohibited concentration of alcohol in the blood, breath, or urine . . ." (emphasis added).
 {¶ 44} Appellant argues that the "or" is in the disjunctive, not conjunctive, thereby permitting only one type of test to be performed.
 {¶ 45} Upon review, we find that the State did not collect both a breath sample and a urine sample from Appellant. The State only collected one sample from Appellant. Appellant was requested to submit to a urine test because she was unable/unsuccessful in performing a breath test.
 {¶ 46} Appellant's second and third assignments of error are overruled.
 {¶ 47} The decision of the Licking County Municipal Court is affirmed.
Boggins, J., Hoffman, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Municipal Court of Licking County, Licking County, Ohio, is affirmed. Costs assessed to Appellant.