OPINION
{¶ 1} Defendant-appellant Michael J. Ruse appeals from his convictions and sentences in the New Philadelphia Municipal Court on two counts of assault and one count of restraining another of liberty, misdemeanors of the first degree. Plaintiffappellee is the State of Ohio.
 {¶ 2} Appellant was charged on February 9, 2003. On February 13, 2003, appellant filed an election to appear before the magistrate. This election allowed the magistrate to hear this case rather than the trial judge. The trial of the matter was set for March 24, 2003.
 {¶ 3} On the day of trial, a witness for the defendant-appellant failed to appear and the court issued a show-cause order. The appellant also requested the court appoint counsel. The court appointed the Public Defender's Office to represent him. The trial date was continued until May 2, 2003.
 {¶ 4} On April 10, 2003, the State of Ohio filed a motion to continue the trial due to the fact that one of their witnesses, a police officer, was involved in training during the week of May 2. By judgment entry filed April 17, 2003, the trial court continued the trial until May 9, 2003. The trial court further set a show-cause hearing for the witness who had failed to appear on the original trial date for the same date and time.
 {¶ 5} On April 17, 2003, the Assistant Public Defender filed a motion to withdraw as counsel for the appellant stating that the appellant exceeded the financial eligibility guidelines for representation. This motion did not contain an affidavit of indigency or any financial statements executed by appellant. On April 21, 2003 the court granted the motion to withdraw filed by the Public Defender.
 {¶ 6} Appellant appeared for trial on May 9, 2003. The magistrate explained the three charges pending against the appellant prior to the start of trial. The magistrate indicated that the three charges filed against appellant were first degree misdemeanors with maximum penalties of six months in jail and $1,000 fines.
 {¶ 7} The magistrate then inquired as to whether appellant was represented by counsel. Appellant replied that the Public Defender's Office told him over the telephone that he made too much money. Appellant moved to dismiss the case for violation of his right to a speedy trial. The magistrate overruled this motion. The magistrate then inquired of appellant whether he understands how a trial proceeds. Appellant replied "I seen enough on T.V., I believe so, sir." The magistrate then proceeded to explain how a trial works and the Constitutional rights of the appellant. At the conclusion of this explanation, the magistrate inquired as to whether the appellant was ready to proceed. Appellant indicated that he was. The trial went forward resulting in the conviction of the appellant. The magistrate ordered a pre-sentence investigation report and deferred sentencing.
 {¶ 8} On May 19, 2003, appellant filed an objection to the magistrate's decision, a motion for a mistrial, a request for funds to prepare a transcript, and a request for findings of facts and conclusions of law.
 {¶ 9} On August 25, 2003, the trial court denied appellant's requests for funds to prepare a transcript of the trial. On September 22, 2003, appellant filed a request for an extension of time to file the transcript in support of his objections to the decision of the magistrate. In this request, appellant additionally requested that the trial court appoint counsel to represent him.
 {¶ 10} On September 30, 2003, the trial court ruled that appellant be required to contact the office of the bailiff and complete an affidavit of indigency and financial statements within three days. By judgment entry filed October 28, 2003, the trial court granted appellant an additional ten days in which to contact the bailiff's office. Sentencing was scheduled for December 3, 2003.
 {¶ 11} The appellant failed to appear for December 3, 2003 hearing resulting in the trial court's issuance of a bench warrant.
 {¶ 12} On December 5, 2003, the Public Defender filed a motion, together with appellant's affidavit of indigency, asking the court to declare appellant ineligible for representation because he exceeds the financial guidelines of the Public Defender's office.
 {¶ 13} Appellant was arrested on the bench warrant. On December 10, 2003, the court released him on bond. On December 11, 2003, the court ruled that appellant was not eligible for representation by the Public Defender's office.
 {¶ 14} On January 22, 2004, the magistrate filed his findings of fact and conclusions of law. The trial court adopted the decision of the magistrate and overruled appellant's motion for a mistrial and his objections to the magistrate's decision on February 27, 2004.
 {¶ 15} On June 3, 2004, the magistrate sentenced appellant to thirty days of actual incarceration. This decision was journalized on June 8, 2004. Appellant again objected and the court again overruled the objections on June 24, 2004.
 {¶ 16} It is from the decision and sentence that the appellant appeals raising the following three assignments of error:
 {¶ 17} "I. The trial court committ [sic] harmful error in denying his constitutional right to the effective assistance of trial counsel.
 {¶ 18} "II. The trial court committed harmful error by sentencing the defendant-appellant to a term of incarceration while unrepresented and not effectively waiving counsel.
 {¶ 19} "III. The trial court committed harmful error by denying the defendant-appellant his speedy trial rights."
 I. II. {¶ 20} Prior to addressing the merits of appellant's appeal, we begin by noting that appellee did not file a brief in this matter. Pursuant to App.R. 18(C), in determining the appeal, we may accept appellant's statement of the facts and issues as correct, and reverse the judgment if appellant's brief reasonably appears to sustain such action. See State v.Rohrig (Apr. 2, 2001), Fairfield App. No. 00 CA 39, unreported andChowdhury v. Fitzgerald (Mar. 27, 1997), Guernsey App. No. 96 CA 43, unreported. Therefore, we presume the validity of appellant's statement of facts and issues.
 {¶ 21} Appellant, in his first assignment of error, maintains that the trial court committed harmful error in denying his constitutional right to the effective assistance of trial counsel. Appellant specifically contends that the trial court committed harmful error in failing to inquire on the record into Appellant's claims of inability to obtain an attorney and the circumstances surrounding his claim that he needed a court appointed attorney prior to forcing Appellant to proceed without counsel. We disagree.
 {¶ 22} A criminal defendant's right to the assistance of counsel is constitutionally protected. State v. Tymcio (1975), 42 Ohio St.2d 39, 43, 71 O.O.2d 22, 24-25, 325 N.E.2d 556, 559-560. In Tymcio, the Ohio Supreme Court recognized that "[i]t is the duty of the trial court in a criminal case to inquire fully into the circumstances impinging upon an accused's claimed inability to obtain counsel and his consequent need for assistance in employing counsel, or for the assistance of court-appointed counsel." Id. at paragraph three of the syllabus.
 {¶ 23} "The right to the assistance of court-appointed counsel in a criminal case turns upon the inability to obtain counsel. The entitlement depends, not upon whether the accused ought to be able to employ counsel, but whether he is in fact `unable to employ counsel.'" Id. at paragraph one of the syllabus.
 {¶ 24} The court in Tymcio also recognized that many factors, financial and otherwise, may "impinge upon a defendant's inability to obtain counsel, factors which may differ greatly from case to case." Id. at 44, 325 N.E.2d at 560.
 {¶ 25} However, the Court in Tymcio further noted "[c]learly, a bare finding of nonindigency does not explain why an accused, such as the defendant in this case, who represents that he has been unable while under bond to obtain adequate counsel with his available resources because of demands for substantial cash retainers, must stand alone." Id. at 44, 325 N.E.2d at 560. In the Tymcio financial inability alone was not the factor relied upon by the court to determine that court-appointed counsel was required in that case: "[h]ere, one can discern from the record that the defendant was a troublesome man. He was contentious, violent in nature, estranged from his wife and family, frustrated by his inability to cope with his problems, and confronted with a serious charge against which there were perhaps few meritorious legal contentions or favorable facts. It can easily be seen why such a man, marginally indigent, might have difficulty in employing counsel." Id. In fact, the defendant in Tymcio, supra, informed the trial court that "I have no funds and I made attempts to borrow the money at The Second National Bank, the First National Bank and Gougler's Credit Union. I went to several attorneys, * * * and I was turned down without cash in advance." Id. at 40, 325 N.E.2d at 558.
 {¶ 26} In the instant case, the trial court determined that appellant was able to obtain counsel and, therefore, was not eligible to receive court-appointed counsel based on the motion of the Public Defender filed April 17, 2003. The appellant did not dispute the Public Defender's finding other than to tell the trial court that "I pay my ex-wife too much money to afford an attorney" (T. at 3-4). The appellant was aware prior to the trial date the Public Defender intended to withdraw from his case but took no action to inform the court that he could not retain counsel prior to the date of trial.
 {¶ 27} In the case at bar, appellant did not allege that he had made attempts to borrow money or that he had in fact contacted private counsel and was turned down due to an inability to pay for representation. The representations made by appellant in this case concerning his financial status occurred after the trial. That information did not demonstrate that Appellant was eligible, but rather confirmed that he was ineligible. There is nothing in this record to indicate that Appellant was indigent, but rather, that he, like most people, had obligations to meet with his income. This does not demonstrate indigency. State v.Stevens (Jan. 4, 1995), 5th Dist. No. 94AP070044.
 {¶ 28} Accordingly, we find that the trial court's inquiry was sufficient to determine whether appellant was in fact able to employ counsel.
 {¶ 29} Accordingly appellant's first assignment of error is overruled.
 II. {¶ 30} In his second assignment of error appellant argues that he did not knowingly, intelligently and voluntarily waive his right to counsel. We disagree.
 {¶ 31} The Sixth Amendment, made applicable to the states through the Fourteenth Amendment, guarantees that a defendant in a criminal trial has an independent right of self representation and that he may proceed to defend himself without counsel when he voluntarily, knowingly and intelligently elects to do so. State v. Gibson (1976), 45 Ohio St.2d 366, paragraph one of the syllabus, citing Faretta v. California (1975),422 U.S. 806, 819. A criminal defendant may waive his or her right to counsel either expressly or impliedly from the circumstances of the case. State v. Weiss (1993), 92 Ohio App.3d 681, 684. An effective waiver requires the trial court to "* * * make sufficient inquiry to determine whether [the] defendant fully understands and intelligently relinquishes that right." Gibson at paragraph two of the syllabus.
 {¶ 32} In State v. Martin(2004), 103 Ohio St.3d 385, 2004-Ohio-5471,816 N.E.2d 227 the Ohio Supreme Court reiterated the following standard to assess the validity of a waiver of counsel; "`[t]o be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter.'" [State v. Gibson (1976),45 Ohio St.2d 366] at 377 quoting Von Moltke v. Gillies (1948),332 U.S. 708, 723, 68 S.Ct. 316, 92 L.Ed. 309. Martin, supra at ¶ 40. The trial court must demonstrate substantial compliance by making a sufficient inquiry to determine whether the defendant fully understood and intelligently relinquished his or her right to counsel. Martin, supra at 392, 2004-Ohio-5471 at ¶ 38, 816 N.E.2d at 234.
 {¶ 33} The dialogue between the court and the appellant in the case at bar substantially complies with the requirement for a valid waiver of counsel. In this case the trial court informed appellant of the charges and the possible maximum sentences. (T. at 3). Appellant then proceeded to move for dismissal for violation of his right to a speedy trial. (Id. at 4-6). After overruling the motion the trial court informed appellant of the trial procedure, including his right to present evidence, subpoena witnesses, cross-examination and appellant's right to remain silent. (Id. at 7-8).
 {¶ 34} We conclude that the trial court demonstrated substantial compliance by making a sufficient inquiry to determine whether the appellant fully understood and intelligently relinquished his right to counsel. Therefore appellant voluntarily, knowingly and intelligently waived his right to counsel.
 {¶ 35} Accordingly, appellant's second assignment of error is overruled. knowingly, voluntarily, and intelligently.
 III. {¶ 36} In his third assignment of error, Appellant contends the trial court erred in denying his speedy trial motion. We disagree.
 {¶ 37} In Ohio, the right to a speedy trial has been implemented by statutes that impose a duty on the State to bring to trial a defendant who has not waived his right to a speedy trial within the time specified by the particular statute. R.C. 2945.71.
 {¶ 38} Appellant argues that he was not brought to trial within the 90 day speedy trial guidelines for a first-degree misdemeanor as provided by Revised Code 2945.71.
 {¶ 39} Our standard of review upon an appeal raising a speedy trial issue is to count the expired days as directed by R.C. § 2945.71, et seq. State v. DePue (1994), 96 Ohio App.3d 513, 516, 645 N.E.2d 745; See, also, Cleveland v. Seventeenth Street Association (Apr. 20, 2000), Cuyahoga App. No. 76106; State v. Gabel (Oct. 31, 1996), Cuyahoga App. No. 69607. Where we find ambiguity, we construe the record in favor of the accused. State v. Singer (1977), 50 Ohio St.2d 103, 109,362 N.E.2d 1216; State v. Mays (1996), 108 Ohio App.3d 598, 609,671 N.E.2d 553.
 {¶ 40} The law in Ohio is that the right to a speedy trial time starts to run the day after arrest. R.C. 2945.71. However, we toll "any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused." R.C. 2945.72(E).
 {¶ 41} Appellant was charged on February 9, 2003.
 {¶ 42} On February 19, 2003, Appellant filed a motion for discovery. The Ohio Supreme Court held in all situations motions by the accused for discovery and for bill of particulars constituted tolling events. Statev. Brown, 98 Ohio St.3d at 123, 781 N.E.2d 159. The State responded on February 24, 2003.
 {¶ 43} The case was originally scheduled for trial to begin on March 24, 2003. On that date, appellant informed the magistrate that a witness he had subpoenaed for trial failed to appear. (T. at 4). The court rescheduled the case for May 9, 2003, and scheduled a show cause hearing for the witnesses who had failed to obey the subpoena for the same date and time. Accordingly, the appellant's trial was conducted within the ninety-day time limitation.
 {¶ 44} Appellant's main argument, however, is that the time from which he filed an objection to the magistrate's decision, motion for a mistrial, request for funds and request for findings of fact and conclusions of law until the time the trial court affirmed the magistrate's decision was 347 days from the date of his arrest and 248 days from the date the trial occurred. Appellant argues that the length of time to rule on his objections was unreasonable and therefore violated his right to a speedy trial.
 {¶ 45} Although appellant filed an Objection to the Magistrate's Decision, Request for Findings of Fact and Conclusions of Law, a Motion for a Mistrial and a Request for a Transcript on May 19, 2003, appellant failed to endorse a proof of service on any of the documents. The court notified appellant that service upon the State was required via a letter from the court bailiff filed May 27, 2003. Appellant did not file proof with the trial court that he had served the State as required until August 11, 2003. Accordingly, as this delay was occasioned by appellant's actions, this time would not count toward any "speedy trial" claim.
 {¶ 46} On August 25, 2003, the trial court denied appellant's request for funds to prepare a transcript of the trial. On September 22, 2003, appellant filed a request for an extension of time to file the transcript in support of his objections to the decision of the magistrate. In this request, appellant additionally requested that the trial court appoint counsel to represent him. As appellant requested a continuance and the appointment of counsel any time attributed to this request is chargeable to appellant for "speedy trial" purposes. It should be noted that no transcript of the trial before the magistrate was filed in the trial court.
 {¶ 47} On September 30, 2003, the court ruled in response to appellant's request to appoint counsel to assist in the preparation of the objections. The court ruled that appellant would be required to contact the office of the court's bailiff to complete an affidavit of indigence and financial statements within three days. By Judgment Entry filed October 28, 2003, the trial court granted appellant an additional ten days in which to contact the bailiff's office. Sentencing was scheduled for December 3, 2003. This delay was at appellant's request as he had moved the court for the funds to prepare the transcript, and for appointment of counsel.
 {¶ 48} The appellant failed to appear for the December 3, 2003 hearing resulting in the trial court's issuance of a bench warrant. Appellant's absence from court tolls any "speedy trial" time.
 {¶ 49} On December 5, 2003, the Public Defender filed a motion, together with appellant's affidavit of indigency asking the court to declare appellant ineligible for representation because he exceeds the financial guidelines of the Public Defender.
 {¶ 50} Appellant was arrested on the bench warrant. On December 10, 2003, the court released him on bond. On December 11, 2003, the court ruled that appellant was not eligible for representation by the Public Defender Office.
 {¶ 51} On January 22, 2004, the Magistrate filed his Findings of Fact and Conclusions of Law. The trial court adopted the decision of the magistrate and overruled appellant's Motion for a Mistrial and Objection to the Magistrate's Decision on February 27, 2004.
 {¶ 52} As is illustrated above, the vast majority, if not the entire delay in this case was due to the motions, proceedings, or action made or instituted by the appellant. Appellant's trial did commence within ninety days following his arrest. Accordingly we cannot say that the actions of either the magistrate or the trial court in the handling of appellant's motions and request subsequent to trial were unreasonable.
 {¶ 53} Appellant's third assignment of error is overruled. {¶ 54} For the foregoing reasons, the judgment of the New Philadelphia Municipal Court, Ohio, is affirmed.
By Gwin, J., Boggins, P.J., and Hoffman, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the New Philadelphia Municipal Court, Ohio, is affirmed. Costs to appellant.