OPINION
{¶ 1} Defendant-appellant, Gary Waits (hereinafter "Waits") appeals the judgment of the Marion County Court of Common Pleas denying his motion to dismiss for a violation of his right to a speedy trial.
 {¶ 2} Waits was arrested on August 29, 2003 on suspicion of robbery. He was subsequently indicted on one count of Aggravated Robbery under R.C. 2911.01(A)(1) and one count of Having Weapons While Under Disability under R.C. 2923.13(B).
 {¶ 3} Waits entered pleas of not guilty to the charges and a jury trial was set for November 17, 2003. On December 5, 2003 the trial was continued to February 5, 2004 on the basis that Waits had requested substitution of counsel.
 {¶ 4} On January 30, 2004, Waits filed a motion to dismiss the charges pending against him on the basis that his right to a speedy trial had been violated. Waits alleged that he had been incarcerated since he was arrested on August 29, 2003 and should have been brought to trial within ninety days, pursuant to R.C. 2945.71. The trial court denied Waits' motion.
 {¶ 5} On July 30, 2004, Waits entered a plea of no contest to the indicted charges. On September 14, 2004, Waits was sentenced to an aggregate term of seven years in prison.
 {¶ 6} It is from the denial of his January 30, 2004 motion to dismiss for lack of speedy trial that Waits appeals. He sets forth one assignment of error for our review.
 ASSIGNMENT OF ERROR NO. I The trial court errored [sic] in not granting Defendant's motion todischarge for the reason that he had not been brought to trial within 90days following his arrest as required by ORC 2945.73(B) and ORC2945.71(C)(2).
 {¶ 7} Waits contends that the trial court erred in denying his motion to dismiss because the record does not support the trial court's conclusion that he requested substitution of counsel. Waits argues that, on the contrary, the transcript from the relevant pre-trial hearing reveals that he wished to retain his appointed counsel.
 {¶ 8} The Sixth and Fourteenth Amendments to the United States Constitution guarantee a criminal defendant a speedy trial by the state.State v. Ladd (1978), 56 Ohio St.2d 197, 200. Additionally, Article I, Section 10 of the Ohio Constitution provides that all criminal defendants have a right to a speedy trial.
 {¶ 9} For the purpose of implementing these constitutional rights, R.C. 2945.71(C)(2) mandates that a person charged with a felony must be brought to trial within 270 days of his arrest. Pursuant to 2945.71(E), however, if a person is held in jail in lieu of bail, then each day is to be counted as three days. This triple count provision only applies in a case when the person is being held in jail solely on the pending charges.
 {¶ 10} When calculating the time by which an accused must be brought to trial, R.C. 2945.71 provides that the time starts to run the day after arrest. The calculation of time ends on the date a motion to dismiss for a violation of the right to a speedy trial is filed. State v. Morris, 2d Dist. No. 19283, 2003-Ohio-1049. On review, we count the expired days as directed by R.C. 2945.71, et seq. State v. DePue (1994),96 Ohio App.3d 513, 516. Where we find ambiguity, we construe the record in favor of the accused. State v. Singer (1977), 50 Ohio St.2d 103,109.
 {¶ 11} Waits was arrested on August 29, 2003. Therefore, time for trial began to run on August 30, 2003. From the time Waits was arrested, he was incarcerated in lieu of bail solely on the pending case. Therefore, he was entitled to the triple count provision provided in R.C. 2945.71(E) and should have been brought to trial within ninety days unless the time limit was otherwise validly extended.
 {¶ 12} Waits filed his motion to dismiss, which alleged his right to a speedy trial had been violated, on January 30, 2004. Between August 30, 2003 and January 30, 2004 a total of 153 days elapsed. Therefore, we find that Waits has demonstrated a prima facie violation of his right to a speedy trial. However, "[o]nce such a demonstration has been made, the burden shifts to the state to prove `that actions or events chargeable to the [defendant], under the various subsections of R.C. 2945.72, extended or tolled enough time to leave less than [ninety] days remaining when [the defendant's motion] to dismiss [was] filed.'" State v. Geraldo
(1983), 13 Ohio App.3d 27, 28.
 {¶ 13} R.C. 2945.72 provides that the time for bringing a criminal defendant to trial may be extended for certain periods of time including, but not limited to, any period of delay occasioned by the neglect or improper act of the accused and any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused. See R.C. 2945.72
(D) and (E). Accordingly, we must determine whether the state demonstrated that Waits' right to speedy trial was tolled in light of any relevant extensions.
 {¶ 14} In the case sub judice, attorney Javier Armengau was appointed to represent Waits on September 24, 2003. Armengau's associate, Denise Martin, appeared as co-counsel. At a pre-trial hearing on November 4, 2003, Martin informed the trial court that Armengau could not proceed to trial on the scheduled trial date, November 17, 2003, due to his involvement in a capital murder case. The trial court recognized that Waits had been in jail for more than seventy days and that the court would reschedule the trial as quickly as possible if he wanted to continue with Armengau as his attorney. Waits responded, "[o]kay. I'll agree to that. I'll keep him as counsel." We find that this decision by Waits to retain Armengau as counsel tolled the time for speedy trial until the trial date could be rescheduled.
 {¶ 15} The trial date was never rescheduled with Armengau, however. Rather, the record affirmatively demonstrates that despite Waits' decision to retain Armengau as trial counsel at the November 4, 2003 hearing, he subsequently requested substitution of counsel on November 24, 2003. The state asserts that Waits' later request for new counsel further tolled the time for speedy trial. We agree.
 {¶ 16} The record reflects that Waits appeared before the court on November 24, 2003 for arraignment on the charge of Having Weapons While Under Disability. At the arraignment, Waits entered a plea of not guilty to the charge and he requested that new counsel be appointed.[1] The record further reflects that on December 2, 2003, new counsel, Thomas Mathews, began filing pleadings on Waits' behalf. In addition, the record contains a final bill, submitted by Armengau on December 3, 2003, for appointed counsel fees and expenses.
 {¶ 17} On December 5, 2003, the trial court journalized the events of the November 24, 2003 hearing and stated that due to Waits' request for substitution of counsel, the jury trial previously scheduled for November 17, 2003 would be continued until February 5, 2004. The trial court further stated that time for speedy trial purposes would be tolled until the new trial date.
 {¶ 18} In summary, we find that pursuant to the triple count provision of R.C. 2945.72, Waits should have been brought to trial by November 28, 2003, ninety days after his arrest. However, we find that the record affirmatively demonstrates that Waits requested substitution of counsel on November 24, 2003. We hold that Waits' request for new counsel tolled the ninety-day period until February 5, 2004, the new trial date.[2]
Accordingly, on January 30, 2004, when Waits filed his motion to dismiss, the speedy trial period had not expired and the trial court did not err in denying the motion.
 {¶ 19} Waits' assignment of error is overruled.
 {¶ 20} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Rogers and Shaw, JJ., concur.
[1] We note that there has been no transcript of the arraignment on November 24, 2003 filed with this court. According to App.R. 9(B), however, it is the duty of the appellant to order a transcript of the proceedings that appellant considers necessary.
[2] Although not disputed by Waits, we note that in addition to a request for new counsel, Waits filed several pleadings which tolled the time for trial. On September 23, 2003 Waits filed a request for discovery and requested a bill of particulars, on November 4, 2003, Waits filed a writ of habeas corpus, and on January 9, 2004, Waits filed a motion to suppress evidence, a motion in limine and a motion to employ an independent DNA expert.