OPINION
{¶ 1} Appellant Scott Milner appeals from his conviction for escape in the Morgan County Court of Common Pleas. The relevant facts leading to this appeal are as follows.
 {¶ 2} Appellant was previously convicted of escape, under Morgan County case number CR-02-047, and sentenced to six months incarceration. Appellant was ordered to report to the Southeast Ohio Regional Jail on February 15, 2003 to commence his term. Appellant failed to report as ordered, and he was again indicted for escape. On March 13, 2003, appellant was arrested. On March 17, 2003, he was arraigned on the second escape charge. He was then remanded to the Department of Corrections for execution of sentence in case CR-02-047.
 {¶ 3} Appellant thereafter served his six-month sentence, most of which was at the Noble Correctional Institute. Appellant was released from Noble Correctional on September 8, 2003. The State filed a motion to toll speedy trial time on September 12, 2003, apparently under the impression that appellant was still in prison. In a letter dated September 16, 2003, Noble Correctional issued notification that appellant had been released. In the meantime, the matter of the second escape charge was set for trial. On May 24, 2004, the trial court conducted a hearing, at which appellant's counsel was present but at which appellant did not appear. On May 25, 2004, the day of appellant's originally scheduled trial, appellant filed a speedy trial motion to dismiss. The court overruled the motion the same day.
 {¶ 4} Appellant thereupon entered a plea of no contest, and was found guilty. He timely filed a notice of appeal, and herein raises the following sole Assignment of Error:
 {¶ 5} "I. The trial court erred by failing to grant appellant's motion to dismiss due to the state's failure to comply with the speedy trial statute.
 I. {¶ 6} In his sole Assignment of Error, appellant claims the trial court erred in denying his speedy trial motion to dismiss. We disagree.
 {¶ 7} The right to a speedy trial is encompassed within the Sixth
Amendment to the United States Constitution. The availability of a speedy trial to a person accused of a crime is a fundamental right made obligatory on the states through the Fourteenth Amendment. State v. Ladd
(1978), 56 Ohio St.2d 197, 383 N.E.2d 579; State v. Pachay (1980),64 Ohio St.2d 218, 416 N.E.2d 589. Ohio's Speedy Trial statute codifies the constitutional guarantee of a speedy trial. Pachay, supra. Our initial task in reviewing a speedy trial issue is to count the days of delay chargeable to either side and determine whether the case was tried within the time limits set by R.C. 2945.71. Oregon v. Kohne (1997),117 Ohio App.3d 179, 180, 690 N.E.2d 66; State v. DePue (1994),96 Ohio App.3d 513, 516, 645 N.E.2d 745. Our review of the trial court's decision regarding a motion to dismiss based upon a violation of the speedy trial provisions involves a mixed question of law and fact.State v. McDonald (June 30, 1999), Mahoning App. Nos. 97CA146 and 97CA148. Due deference must be given to the trial court's findings of fact if supported by competent, credible evidence. Id. However, we must independently review whether the trial court properly applied the law to the facts of the case. Id. Furthermore, when reviewing the legal issues presented in a speedy trial claim, an appellate court must strictly construe the relevant statutes against the state. Id., citing Brecksvillev. Cook (1996), 75 Ohio St.3d 53, 57, 661 N.E.2d 706.
 {¶ 8} R.C. 2945.71(C)(2) mandates that a person against whom a charge of felony is pending shall be brought to trial within two hundred seventy days after the person's arrest. In addition, R.C. 2941.401 states, in pertinent part: "When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter * * *. If the action is not brought to trial within the time provided, subject to continuance allowed pursuant to this section, no court any longer has jurisdiction thereof, the indictment, information, or complaint is void, and the court shall enter an order dismissing the action with prejudice. * * *."
 {¶ 9} In the case sub judice, appellant first contends that 425 days passed between his arrest on March 13, 2003 and the time he filed his motion to dismiss on May 25, 2004. He points out that he was "not unavailable" for trial during that time pursuant to R.C. 2945.72(A), as he had no other criminal proceedings pending against him (other than per the present case), he was not confined in another state, and he had no pending extradition proceedings. He directs us to our opinion in City ofNewark v. Barcus (Sept. 9, 1994), Licking App. No. 94 CA 00015, 1994 WL 590498, in which we cited State v. Martin (1984), 16 Ohio App.3d 172, for the proposition that "R.C. 2941.401 imposes a duty of reasonable diligence upon the State to attempt to locate and notify an accused of charges pending against him. Absence the exercise of such reasonable diligence, the State cannot rely upon the prisoner's delay in serving the notice of incarceration required in R.C. 2941.401 to avoid dismissal for failure to accord the accused his speedy trial rights."
 {¶ 10} Since our opinion in Barcus, however, the Ohio Supreme Court held in State v. Hairston, 101 Ohio St.3d 308, 311-312, 2004-Ohio-969: "* * * R.C. 2941.401 places a duty on an incarcerated defendant to `cause
to be delivered to the prosecuting attorney and the appropriate court * * * written notice of the place of his imprisonment and a request for a final disposition to be made of the matter' and that the duty to bring such a defendant to trial within 180 days of the written notice and request arises only after receipt of that statutory notice."
 {¶ 11} In City of Cleveland v. Branham, Cuyahoga App. No. 84855, 2005-Ohio-1313, the Eighth District Court of Appeals, relying onHairston, held that a defendant's failure to file a notice of availability pursuant to R.C. 2941.401 tolled his speedy trial rights while he was in prison as a result of an earlier probation violation. The Court noted: "The Ohio Supreme Court [in Hairston] declined to impose upon the State a duty of reasonable diligence in locating incarcerated defendants against whom charges are pending. The Court explained that the duty is first placed on the incarcerated defendant to provide notice of availability. The State's duty to bring the defendant to trial within the defendant's speedy trial time is not triggered until this notice is received." Id. at ¶ 13.
 {¶ 12} We further note that R.C. 2945.71(F) states in pertinent part: "This section shall not be construed to modify in any way section 2941.401
* * * of the Revised Code." Appellant herein does not assert that he ever sent a written notice pursuant to R.C. 2941.401. Accordingly, we find that his speedy trial time under R.C. 2945.71(C)(2) was tolled the entire time he was in prison on his earlier escape conviction.
 {¶ 13} Appellant secondly argues that even if his time was tolled between March 17, 2003 and September 8, 2003, the State still violated the 270-day requirement of 2945.71(C)(2). He asserts that 4 days accrued from 3/13/03 to 3/17/03 under the triple count rule (see R.C. 2945.71(E)), i.e., 12 days, plus the days from September 8, 2003 to May 25, 2004. By our count, using September 9, 2003, as the starting point, this totals 272 days. However, the record in the case sub judice reflects that the court conducted a special hearing on May 24, 2004, one day before the scheduled trial. At that time, the prosecutor and appellant's defense counsel went before the trial judge to discuss the speedy trial deadline. Appellant was not present, but his attorney indicated he had spoken with him by telephone earlier that day. The prosecutor asked the court to call the case, at which point the court recessed the matter until the next day, May 25th.[1] Tr., May 24, 2004, at 2-5.
 {¶ 14} Under the above circumstances, we find appellant was thus brought to trial 271 days after his arrest, mathematically speaking. However, the 270th day (May 23, 2004) fell on a Sunday, in which case the period would have extended to Monday, May 24, 2004. See Crim.R. 45(A). May 25th itself would have been tolled as being "occasioned by the neglect or improper act of the accused," based on appellant's failure to appear the day before. See R.C. 2945.72(D). Therefore, we find appellant's argument without merit.
 {¶ 15} We hold the trial court did not err in denying appellant's statutory speedy trial motion to dismiss. Appellant's sole Assignment of Error is overruled.
 {¶ 16} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Morgan County, Ohio, is affirmed.
Wise, J., Farmer, P.J., concurs.
Edwards, J., dissents.
[1] Although appellant's attorney objected to these procedures, such an issue has not been raised in the present appeal.