OPINION *Page 2 
{¶ 1} Appellant Brandon M. Skinner appeals his drug possession conviction in the Licking County Municipal Court. The relevant facts leading to this appeal are as follows.
 {¶ 2} On July 4, 2006, appellant was the subject of a traffic stop made by the Ohio State Highway Patrol. At that time, he was given a traffic citation for failing to wear a seat belt. On July 21, 2006, apparently as a result of evidence discovered at the traffic stop of July 4th, appellant was charged with possession of drugs and drug abuse. Appellant initially pled not guilty. On August 1, 2006, appellant filed a demand for discovery and bill of particulars.
 {¶ 3} On September 5, 2006, the State filed a motion seeking to amend the language of the complaint to specify a Schedule IV drug, rather than a Schedule III drug as originally charged. The trial court granted the motion to amend on September 7, 2006.
 {¶ 4} On September 8, 2006, as further discussed infra, appellant filed a motion to dismiss the charges on the grounds that his right to a speedy trial had been violated. On September 11, 2006, the trial court overruled appellant's speedy trial motion to dismiss. Appellant thereupon entered a plea of no contest to the charge of possession of drugs, a misdemeanor of the third degree. The additional charge of drug abuse, a minor misdemeanor, was then dismissed upon the State's motion.
 {¶ 5} The trial court accepted appellant's plea on the possession charge, found him guilty, and sentenced him to sixty days in jail, with thirty days suspended, plus *Page 3 
probation for one year. Appellant was also fined $200 and ordered to pay court costs. See Judgment Entry, September 11, 2006.
 {¶ 6} On September 12, 2006, appellant filed a notice of appeal. He herein raises the following two Assignments of Error:
 {¶ 7} "I. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION IN DENYING APPELLANT'S SPEEDY TRIAL MOTION.
 {¶ 8} "II. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION IN GRANTING APPELLEE'S MOTION TO AMEND THE COMPLAINT."
 I. {¶ 9} In his First Assignment of Error, appellant challenges the trial court's denial of his speedy trial motion to dismiss.
 {¶ 10} The right to a speedy trial is encompassed within theSixth Amendment to the United States Constitution. The availability of a speedy trial to a person accused of a crime is a fundamental right made obligatory on the states through the Fourteenth Amendment. State v.Ladd (1978), 56 Ohio St.2d 197, 383 N.E.2d 579; State v. Pachay (1980),64 Ohio St.2d 218, 416 N .E.2d 589. Ohio's Speedy Trial statute codifies the constitutional guarantee of a speedy trial. Pachay, supra. Our initial task in reviewing a speedy trial issue is to count the days of delay chargeable to either side and determine whether the case was tried within the time limits set by R.C. 2945.71. Oregon v. Kohne (1997),117 Ohio App.3d 179, 180, 690 N.E.2d 66; State v. DePue (1994),96 Ohio App.3d 513, 516, 645 N.E.2d 745. When a person is charged with more than one misdemeanor arising out of the same act or transaction, that person shall be tried within the time provided for the highest degree of misdemeanor charged. *Page 4 State v. Johnson (Feb. 13, 1998), Darke App. Nos. 97 CA 1441, 97 CA 1444, citing R.C. 2945.71(D).
 {¶ 11} R.C. 2945.71(B)(1) mandates that a person against whom a charge of a third-degree misdemeanor is pending shall be brought to trial within forty-five days after the person's arrest or the service of summons. Our review of a trial court's decision regarding a motion to dismiss based upon a violation of the speedy trial provisions involves a mixed question of law and fact. State v. McDonald (June 30, 1999), Mahoning App. Nos. 97CA146 and 97CA148. Due deference must be given to the trial court's findings of fact if supported by competent, credible evidence. Id. However, we must independently review whether the trial court properly applied the law to the facts of the case. Id.
Furthermore, when reviewing the legal issues presented in a speedy trial claim, an appellate court must strictly construe the relevant statutes against the state. Id., citing Brecksville v. Cook (1996),75 Ohio St.3d 53, 57, 661 N.E.2d 706.
 {¶ 12} Appellant argues that the time parameters regarding the drug possession charge in this case are from July 4, 2006 (the date of the traffic stop) to September 11, 2006 (the scheduled trial date, upon which appellant entered his plea), a period of 69 days. He concedes that 13 days should be counted against him based on his discovery demand of August 1, 2006, to which the State replied on August 14, 2006. Thus, according to appellant, 56 days (69 minus 13) elapsed in this case for speedy trial purposes, in contrast to the forty-five days set forth in R.C. 2945.71(B)(1).
 {¶ 13} The crux of appellant's aforesaid argument is that the speedy trial clock began running on July 4, 2006, when he was given his "no seat belt" traffic citation, *Page 5 
even though the record reveals appellant was not charged with drug possession until July 21, 2006, and the summons on said charge was not served until July 28, 2006.
 {¶ 14} In State v. Phillips (Jan. 28, 1992), Union App. No. 14-91-20, the Third District Court addressed a similar scenario, albeit one involving felony possession charges. In that case, the defendant, Phillips, was arrested on October 7, 1989 for several traffic violations. Before placing him in jail, the police conducted an inventory search, resulting in the discovery of a vial containing cocaine. The police did not charge Phillips with illegal possession of cocaine until about six months later.
 {¶ 15} On appeal by State following dismissal of the indictment, thePhillips court rejected the lower court's reliance on State v. Clay
(1983), 9 Ohio App.3d 216, which had held that "[w]hen new and additional charges arise from the same facts as did the original charge, and the state knew of such facts at the time of the initial indictment, the time within which trial is to begin on the additional charges is subject to the same statutory limitations period that is applied to the original charge." Id. at syllabus.
 {¶ 16} The Phillips court instead reasoned: "The charge of cocaine possession did not arise from the original charges (driving under the influence, speeding, fleeing and no motorcycle endorsement). Phillips was arrested and placed in jail on October 7, 1989 for the traffic violations only. He just happened to be in jail at the time that the police discovered the cocaine." Therefore, the court concluded, the speedy trial period for the cocaine possession charge began running on April 20, 1990, the date Phillips was served with the indictment.
 {¶ 17} We apply similar reasoning to the case sub judice. We surmise from the limited record before us that the responding trooper seized appellant's contraband on *Page 6 
July 4, 2006, when the traffic stop was made and the seatbelt citation was issued. For reasons not specified, the misdemeanor possession charge did not issue until more than two weeks later, and appellant was not served with the summons thereon until July 28, 2006. The trooper's traffic stop and citation may have provided the means by which appellant's drugs were discovered, but we hold the traffic charge and the possession charge are otherwise unrelated for purposes of speedy trial commencement. Appellant herein provides no caselaw supporting the proposition that the speedy trial commencement date for both charges must revert to the earlier traffic citation.
 {¶ 18} Accordingly, even without the time chargeable to appellant based on his discovery request, we find the number of days between July 28, 2006 and September 11, 2006 was within statutory time limits for a third-degree misdemeanor, and therefore the trial court did not err in denying appellant's speedy trial motion to dismiss.[1]
 {¶ 19} Appellant's First Assignment of Error is overruled.
 II. {¶ 20} In his Second Assignment of Error, appellant contends the trial court erred in permitting the State to amend its criminal complaint. We disagree.
 {¶ 21} Crim.R. 7(D) states: "The court may at any time before, during, or after a trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged. *Page 7 
 {¶ 22} In the case sub judice, the complaint was amended to reflect that the substance at issue was Schedule IV, rather than Schedule III. Because R.C. 2925.11(C)(2) provides that the penalty is the same for possession of a substance included in "schedule III, IV or V," we are unpersuaded that the amendment at issue prejudicially changed the name or the identity of the crime charged. Cf. State v. Toddy (Dec. 8, 2000), Ashtabula App. No. 99-A-0054 (concluding, in a trafficking case, that the schedule of a particular drug is not an element of the offense; instead, the schedule is "simply a factor which the trial court must consider in imposing the defendant's sentence in the matter.")
 {¶ 23} Appellant's Second Assignment of Error is therefore overruled.
 {¶ 24} For the foregoing reasons, the judgment of the Municipal Court, Licking County, Ohio, is hereby affirmed.
By: Wise, J. Hoffman, P. J., and Delaney, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court, Licking County, Ohio, is affirmed. Costs to appellant.
[1] Appellant's brief, other than making a single reference toState v. Meeker (1971), 26 Ohio St.2d 9, is restricted to a statutory speedy trial claim, and we have limited our analysis herein accordingly. *Page 1