OPINION *Page 2 
{¶ 1} On September 15, 2006, the Stark County Grand Jury indicted appellee, Raymond Posey, Jr., with two counts of possession of cocaine in violation of R.C. 2925.11. Said charges arose from the discovery of cocaine behind the gas cap of a vehicle being driven by appellee. The discovery was made in July of 2005. At that time, appellee was charged with driving under suspension which he pled no contest to on August 23, 2005.
 {¶ 2} On November 14, 2006, appellee filed a motion to dismiss the indictment for violations of his speedy trial rights under R.C. 2945.71. A hearing was held on December 4, 2006. By judgment entry filed December 6, 2006, the trial court granted the motion.
 {¶ 3} Appellant, the state of Ohio, filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT DISMISSED THE INDICTMENT IN ACCORDANCE WITH THE SPEEDY TRIAL STATUTE, R.C. 2945.71. THE SPEEDY TRIAL STATUTE WAS TOLLED AFTER POSEY'S TRAFFIC VIOLATION WAS RESOLVE (SIC) AND UNTIL THE FELONY INDICTMENT, BASED UPON THE SAME CONDUCT, WAS ISSUED."
 II {¶ 5} "THE TRIAL COURT ERRED AS MATTER OF LAW IN FAILING TO ANALYZE THE DELAY BETWEEN THE CRIME AND THE INDICTMENT UNDER A *Page 3 
PRE-INDICTMENT DELAY SCRUTINY. SPEED TRIAL GUARANTEES HAVE NO APPLICATION TO PRE-INDICTMENT DELAYS."
 I {¶ 6} Appellant claims the trial court erred in granting appellee's motion to dismiss for violating his speedy trial rights. We agree, and find State v. Azbel, 112 Ohio St.3d 300, 2006-Ohio-6552, to be controlling.
 {¶ 7} R.C. 2945.71 governs time within which hearing or trial must be held. Subsection (C)(2) states, "A person against whom a charge of felony is pending: * * *[s]hall be brought to trial within two hundred seventy days after the person's arrest."
 {¶ 8} The issue presented by this appeal is whether the time from the August 23, 2005 traffic conviction for driving under suspension to the September 15, 2006 indictment for cocaine possession should be counted under R.C. 2945.71.
 {¶ 9} We note the trial court based its decision on our opinion inState v. Griffith (September 18, 2000), Fairfield App. No. 00CA8, wherein we held:
 {¶ 10} "The information necessary to charge appellant with the offenses of contributing to the delinquency of minors did not require further investigation. Based upon the initial police report and supplementary report, we find the new and additional charges of contributing arose from the same facts known to the police at the time the initial underage consumption charge was filed. Accordingly, the time within which the State was required to bring appellant to trial on the contributing charges was subject to the same statutory limitation period applied to the original underage consumption charge." *Page 4 
 {¶ 11} However, since this 2000 decision, this court has addressed this similar issue in State v. Skinner, Licking App. No. 06CA105,2007-Ohio-2479, ¶ 17, wherein we held, "* * * The trooper's traffic stop and citation may have provided the means by which appellant's drugs were discovered, but we hold the traffic charge and the possession charge are otherwise unrelated for purposes of speedy trial commencement."
 {¶ 12} The Supreme Court of Ohio has also examined the issue raised sub judice in State v. Azbel, 112 Ohio St.3d 300, 2006-Ohio-6552. The analysis in Azbel lends credence to the Skinner decision. InAzbel at ¶ 10-11, the Supreme Court of Ohio adopted the analysis of the United States Supreme Court in United States v. Marion (1971),404 U.S. 307:
 {¶ 13} "* * *In United States v. Marion (1971), 404 U.S. 307,92 S.Ct. 455, 30 L.Ed.2d 468, the defendants moved to dismiss an indictment, claiming that their speedy-trial rights were violated because approximately three years had passed between the end of the criminal scheme charged and the return of the indictment. In holding that `the Sixth Amendment speedy trial provision has no application until the putative defendant in some way becomes an `accused,'" the court held that `[t]hese provisions would seem to afford no protection to those not yet accused, nor would they seem to require the Government to discover, investigate, and accuse any person within any particular period of time.' Id at 313, 92 S.Ct. 455, 30 L.Ed.2d 468.
 {¶ 14} "Thus, `it is either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge that engage the particular protections of the speedy trial provision of the Sixth Amendment.' Id. at 320, 92 S.Ct. 455,30 L.Ed.2d 468." *Page 5 
 {¶ 15} In conclusion, the Azbell court at ¶ 20-21 held the following:
 {¶ 16} "In this case, although Azbell was arrested in May 2003, she was not `held to answer' because she was immediately released after being photographed and fingerprinted at the police station. At the time of her arrest, she was not charged with any offense. Thus, she was never subject to `actual restraints imposed by arrest and holding to answer a criminal charge.' Marion, 404 U.S. at 320, 92 S.Ct. 455, 30 L.Ed.2d 468. Her liberty was not in jeopardy, one of the overriding concerns of speedy-trial violations. See United States v. Loud Hawk (1986),474 U.S. 302, 310-312, 106 S.Ct. 648, 88 L.Ed.2d 640. Because no charge was outstanding and she was not held pending the filing of charges or released on bail or recognizance, Azbell did not become a `person against whom a charge of felony is pending' until she was arrested on the indictment in April 16, 2004.
 {¶ 17} "Therefore, we hold that for purposes of calculating speedy-trial time pursuant to R.C. 2945.71(C), a charge is not pending until the accused has been formally charged by a criminal complaint or indictment, is held pending the filing of charges, or is released on bail or recognizance."
 {¶ 18} In the matter sub judice, appellee was not held to answer the possession of cocaine charges until his indictment on September 15, 2006. Therefore, his arrest on the traffic violation or subsequent sentence did not "turn on the clock" for the possession of cocaine charges.
 {¶ 19} The facts in this case are similar to the facts inSkinner: even though drugs were found during the traffic stop, no charges were filed for possession, and appellee was not "held to answer" on the drug charges until the filing of the indictment. *Page 6 
 {¶ 20} Upon review, we find the trial court erred in granting appellee's motion to dismiss.
 {¶ 21} Assignment of Error I is granted.
 II {¶ 22} Appellant claims the trial court erred in failing to analyze the indictment delay under pre-indictment delay scrutiny.
 {¶ 23} Based upon our decision in Assignment of Error I, we find this issue to be moot at this time. The trial court has yet to analyze the facts under pre-indictment delay scrutiny.
 {¶ 24} Assignment of Error II is moot.
 {¶ 25} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby reversed.
 Farmer, J. Hoffman, P.J. and Delaney, J. concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is reversed. *Page 1