OPINION *Page 2 
{¶ 1} Plaintiff-appellant State of Ohio appeals from the March 6, 2007, Judgment Entry of the Guernsey County Court of Common Pleas.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On August 3, 2006, the Guernsey County Grand Jury indicted appellee Terence White on one count (Count One) of trafficking in cocaine (less than 5 grams) in violation of R.C. 2925.03(C)(4)(a), a felony of the fifth degree, and three counts (Counts Two, Three and Four) of trafficking in crack cocaine (less than 1 gram) in violation of R.C. 2925.03(C)(4)(a), felonies of the fifth degree. Counts One and Two contained forfeiture specifications. At his arraignment on August 7, 2006, appellant entered a plea of not guilty to the charges contained in the indictment.
 {¶ 3} Subsequently, on October 5, 2006, appellant State of Ohio filed a motion seeking to strike the word "crack" from Counts Two, Three and Four of the indictment as surplusage pursuant to Crim. R. 7(C). Appellant, in its motion, argued that, in the Ohio Revised Code, no distinction was made for "the felony of the fifth degree between Crack Cocaine and Cocaine." Appellant further argued that a distinction was made in the law between cocaine and crack cocaine only if the amount of cocaine was greater than five grams or the amount of crack cocaine exceeded one gram, and that the BCI report indicated that the substance in this case contained cocaine in an amount less than the bulk amount.[1] Pursuant to an Entry filed on October 6, 2006, the trial court granted such motion. *Page 3 
 {¶ 4} Prior to the commencement of the jury trial on January 25, 2007, appellee moved the trial court to dismiss Counts Two, Three and Four of the indictment because they failed to charge an offense. Appellee specifically argued on the record, in relevant part, as follows:
 {¶ 5} "In this case the defendant is charged in Counts 2, 3 and 4 with trafficking in crack cocaine, a felony of the fifth degree and in violation of Revised Code Section 2925.03 (C) (4) (a) which reads in relevant part: No person shall knowingly do any of the following: Sell or offer to sell a controlled substance. If the drug involved in the violation is a cocaine or compound, mixture, preparation, or substance containing cocaine, whoever violates division (A) of this section is guilty of trafficking in cocaine. The penalty for offense shall be determined as follows.
 {¶ 6} "Trafficking in cocaine is a felony of the fifth degree. The proper — the elements necessary to prove those crimes is trafficking in cocaine. There is no such crime in that statute as trafficking in crack cocaine." Transcript from January 25, 2007, at 3-4.
 {¶ 7} In turn, appellant sought to amend Counts Two and Three to specify that the charges were for trafficking in cocaine rather than trafficking in crack cocaine. The trial court dismissed Counts Two and Three of the indictment and granted appellant's oral motion to amend Count Four to allege trafficking in crack cocaine, a felony of the fourth degree instead of a felony of the fifth degree. Appellee then pleaded guilty to Count One and to an amended Count Four. *Page 4 
 {¶ 8} As memorialized in a Judgment Entry filed on March 6, 2007, appellee was sentenced to an aggregate prison sentence of twenty-four (24) months. The trial court, in its entry, dismissed the remaining charges.[2]
 {¶ 9} Appellee appealed from the trial court's March 6, 2007, Judgment Entry and appellant filed a Notice of Cross-Appeal. As memorialized in a Judgment Entry filed on June 18, 2007, this Court granted appellee's motion to voluntarily dismiss his appeal, leaving the Cross-Appeal pending.
 {¶ 10} Appellant raises the following assignment of error on Cross-Appeal:
 {¶ 11} "THE TRIAL COURT ERRED IN DISMISSING COUNT 2 AND COUNT 3 OF THE INDICTMENT AGAINST THE DEFENDANT BECAUSE THE PROPOSED AMENDMENTS TO THE CHARGE UNDER OHIO CRIMINAL RULE 7 (D) WERE MERELY CHANGES TO A SPECIFICATION IN THE CHARGE."
 I {¶ 12} Appellant, in its sole assignment of error, argues that the trial court erred in dismissing Counts Two and Three of the Indictment because the proposed amendments to such counts only changed the specification in the two charges and did not change the name or identity of the crimes charged. We agree.
 {¶ 13} Crim. R. 7(D) states: "The court may at any time before, during, or after a trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged. . ." Although the rule permits most amendments, it flatly prohibits amendments that change *Page 5 
the name or identity of the crime charged. See State v. O'Brien (1987),30 Ohio St.3d 122, 126, 508 N.E.2d 144. A trial court commits reversible error when it permits an amendment that changes the name or identity of the offense charged, regardless of whether the defendant suffered prejudice. State v. Smith, Franklin App. No. 03AP-1157, 2004-Ohio-4786, at paragraph 10. See, also, State v. Headley, 6 Ohio St.3d 475,453 N.E.2d 716. "Whether an amendment changes the name or identity of the crime charged is a matter of law." State v. Cooper (June 25, 1998), Ross App. No. 97CA2326, 1998 WL 340700, at 1, citing State v. Jackson (1992),78 Ohio App.3d 479, 605 N.E.2d 426.
 {¶ 14} The Supreme Court of Ohio has indicated an amendment that changes neither the degree nor the severity of an offense does not change the identity of the offense. See State v. O'Brien (1987),30 Ohio St.3d 122, 126-127, 508 N.E.2d 144.
 {¶ 15} In the case sub judice, appellee originally was indicted in Counts Two and Three for trafficking in crack cocaine in violation of R.C. 2925.03(C)(4)(a), felonies of the fifth degree. The indictment alleged that the amount of crack cocaine was less than one (1) gram. Appellant sought to amend Counts Two and Three of the indictment from trafficking in crack cocaine to trafficking in cocaine in violation of R.C. 2925.03(C)(4)(a).
 {¶ 16} R.C. 2925.03 states, in relevant part, as follows: "(A) No person shall knowingly do any of the following:
 {¶ 17} "(1) Sell or offer to sell a controlled substance;
 {¶ 18} "(2) Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reasonable cause *Page 6 
to believe that the controlled substance is intended for sale or resale by the offender or another person. . . . .
 {¶ 19} "(C) Whoever violates division (A) of this section is guilty of one of the following:. . .
 {¶ 20} "(4) If the drug involved in the violation is cocaine or a compound, mixture, preparation or substance containing cocaine, whoever violates division (A) of this section is guilty of trafficking in cocaine. The penalty for the offense shall be determined as follows:
 {¶ 21} "(a) Except as otherwise provided in division (C)(4)(b), (c), (d), (e), (f), or (g) of this section, trafficking in cocaine is a felony of the fifth degree, and division (C) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender.
 {¶ 22} "(b) Except as otherwise provided in division (C)(4)(c), (d), (e), (f), or (g) of this section, if the offense was committed in the vicinity of a school or in the vicinity of a juvenile, trafficking in cocaine is a felony of the fourth degree, and division (C) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender."
 {¶ 23} R.C. 2925.03(C)(4)(c) through (g) outline the penalties when the amount of cocaine involved equals or exceeds five grams or the amount of crack cocaine equals or exceeds one gram.
 {¶ 24} In the case sub judice, the amount of the drug in each of Counts Two and Three was less than one (1) gram. Thus, R.C. 2925.03(C)(4)(a) applies. A violation of such section can involve trafficking in either cocaine or crack cocaine that is less than *Page 7 
one (1) gram. We conclude that trafficking in cocaine includes trafficking in crack cocaine because R.C. 2925.03(C)(4) states that trafficking in cocaine includes trafficking in cocaine and trafficking in a compound, mixture, preparation or substance containing cocaine. R.C. 2925.01 (GG) defines "crack cocaine" as "a compound, mixture, preparation, or substance that is or contains any amount of cocaine that is analytically identified as the base form of cocaine or that is in a form that resembles rocks or pebbles generally intended for individual use." Therefore, trafficking in cocaine includes trafficking in crack cocaine. The penalty for trafficking in cocaine (whether it is cocaine or crack cocaine) is the same if, and only if, the amount is less than one (1) gram. See R.C. 2925.03(C)(4)(a)-(g).
 {¶ 25} Appellee maintains that the proposed amendment to Counts Two and Three were not permissible under Crim. R. 7(D) because such amendments would have "altered the identity of the original offense." Appellee specifically contends that the State's amendment would have changed an element of the offense for which he was originally charged, thereby altering the identity of the offense altogether. We, however, disagree. The amendment proposed by the State would not have changed the degree or severity of the offense in this case. The offenses, after amendment, would remain felonies of the fifth degree because the amount was less than one gram. Nor was the name or identity of the offense charged changed. R.C. Section 2925.03 is captioned trafficking in drugs. As noted by appellant, the Revised Code Sections are the same for Trafficking in Crack Cocaine and Trafficking in Cocaine, O.R.C. [Section] *Page 8 
2925.03(C)(4)(a)."[3] Thus, the proposed amendments would not have changed the Revised Code Section.
 {¶ 26} Moreover, we note that this Court, in State v. Skinner, Licking App. No. 06 CA 105, 2007-Ohio-2479, disagreed with the appellant's argument that the trial court had erred in permitting the State to amend its complaint pursuant to Crim. R. 7(D). In such case, the complaint originally alleged that the appellant had possessed a Schedule III drug. After the court granted the State's motion to amend the language of the complaint to specify a Schedule IV drug rather than a Schedule III drug, the appellant pleaded no contest to the charge of possession of drugs. The appellant then appealed, arguing, in part, that the trial court had erred in permitting the amendment.
 {¶ 27} However, in the Skinner case, this Court overruled the appellant's assignment on this issue, stating, in relevant part, as follows: "In the case sub judice, the complaint was amended to reflect that the substance at issue was Schedule IV, rather than Schedule III. Because R.C. 2925.11(C)(2) provides that the penalty is the same for possession of a substance included in "schedule III, IV or V," we are unpersuaded that the amendment at issue prejudicially changed the name or the *Page 9 
identity of the crime charged. Cf. State v. Toddy (Dec. 8, 2000), Ashtabula App. No. 99-A-0054 (concluding, in a trafficking case, that the schedule of a particular drug is not an element of the offense; instead, the schedule is `simply a factor which the trial court must consider in imposing the defendant's sentence in the matter.')." Id at paragraph 22.
 {¶ 28} Likewise, because the penalty is the same under R.C. 2925.03
(C)(4)(a) for trafficking in cocaine or crack cocaine that is less than one gram, the name or identity of the crime charged would not have changed had the trial court granted appellant's motion to amend counts Two and Three.
 {¶ 29} Based on the foregoing, we find that the trial court erred in dismissing Counts Two and Three of the Indictment.
 {¶ 30} Accordingly, the judgment of the Guernsey County Court of Common Pleas is reversed and this matter is remanded to the trial court for further proceedings.
 Edwards, J. Farmer, P.J. and Wise, J. concur. *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Guernsey County Court of Common Pleas is reversed and this matter is remanded to the trial court for further proceedings. Costs assessed to cross-appellee, Terrence White.
[1] R.C. 2925.03(C)(4)(a) states, in part: "Except as otherwise provided in division (C)(4)(b), (c), (d), (e), (f), or (g) of this section, trafficking in cocaine is a felony of the fifth degree. . . ."
R.C. 2925.03(A)(4)(c) states, in part: "Except as provided in this division, if the amount of the drug involved equals or exceeds five grams but is less than ten grams of cocaine that is not crack cocaine or equals or exceeds one gram but is less than five grams of crack cocaine, trafficking in cocaine is a felony of the fourth degree. . . ."
R.C. 2925.03(C)(4) continues to provide different penalties for the same amount of cocaine versus crack cocaine at the felony three, two and one levels.
[2] Because the trial court dismissed the remaining charges, we find that the trial court's March 6, 2007, Judgment Entry was a final appealable order.
[3] In contrast, see State v. Yslas, 173 Ohio App.3d 396,2007-Ohio-5646, 878 N.E.2d 712. In such case, the appellant was indicted on one count of possession of marijuana in an amount exceeding 20,000 grams, R.C. 2925.11(A) and (C)(3)(f), and one count of possession of crack cocaine in an amount exceeding five grams but less than 25 grams, R.C. 2925.11(A) and (C)(4)(b). After his Motion to Suppress was overruled, the appellant pleaded no contest to both charges.
The appellant then appealed, arguing that the trial court had erred in accepting his plea to possession of crack cocaine when he actually possessed powder cocaine. The appellate court agreed, stating, in relevant part, as follows: "R.C. 2925.11(C)(4)(b) identifies two fourth-degree felonies arising from possession of cocaine. One involves possession of powder cocaine in an amount more than five but less than twenty-five grams by weight. The other involves possession of crackcocaine in an amount more than one but less than five grams by weight. The problem here is that count two of the indictment charged defendant with possession of crack cocaine in an amount more than five but less than 25 grams by weight, the quantity which R.C. 2925.11(C)(4)(b) applies to possession of powder cocaine. That section does not prohibit possession of crack cocaine in that same gross quantity. Therefore, count two of the indictment to which defendant entered a plea of no contest fails to charge a valid statutory offense." Id at paragraph 19. The court, in Yslas, further held that the defect in the indictment could not be cured with an amendment pursuant to Crim. R. 7(D) because the identity of the offense would change. *Page 1