OPINION
{para; 1} Appellant Bryan A. Moore appeals his conviction, in the Mount Vernon Municipal Court, for driving under the influence of drugs or alcohol (R.C. 4511.19(A)(1)(a)), failure to drive in marked lanes (R.C. 4511.33), and endangering children (2919.22). The relevant facts leading to this appeal are as follows.
{para; 2} On June 10, 2005, appellant was stopped by Knox County Sheriffs deputies while driving in the vicinity of Mount Vernon, Ohio. Appellant was arrested and charged with driving under the influence of drugs or alcohol, a misdemeanor of the first degree, failure to drive in marked lanes, a minor misdemeanor, and endangering children, a misdemeanor of the first degree.
{para; 3} On June 14, 2005, appellant appeared for arraignment and entered a plea of not guilty to all charges. The next day, appellant's counsel entered an appearance on appellant's behalf and filed a request for discovery. The court thereafter scheduled a pre-trial conference for July 25, 2005, and a jury trial for August 18, 2005. As further discussed and analyzed infra, the trial was subsequently continued, first to October 27, 2005, and then to December 1, 2005.
{para; 4} On November 29, 2005, appellant filed a motion to dismiss based on a claim of speedy trial violation. Following a hearing, the trial court filed a judgment entry denying appellant's motion to dismiss on December 8, 2005.
{para; 5} On December 20, 2005, the trial court again rescheduled the trial, setting the date as February 23, 2006. On February 7, 2006, appellant filed a motion to reconsider the previous denial of his motion to dismiss. The court thereupon postponed the February 23, 2006 trial, and scheduled a hearing on the motion to reconsider for *Page 3 
March 10, 2006. After said hearing, the court took the matter under advisement. On March 24, 2006, the court issued a judgment entry finding that appellant's right to a speedy trial had not been violated.
{para; 6} The trial was then rescheduled for May 4, 2006. On that date, appellant appeared with counsel and changed his plea to no contest on the DU I charge. Appellant was found guilty and sentenced to, inter alia, twenty days in jail with five years of community control. The remaining charges were dismissed.
{para; 7} On May 5, 2006, appellant filed a notice of appeal. He herein raises the following sole Assignment of Error:
{para; 8} "I. THE TRIAL COURT ERRED AND VIOLATED APPELLANT'S SPEEDY TRIAL RIGHTS WHEN IT DENIED APPELLANT'S MOTION TO DISMISS OF NOVEMBER 29, 2005."
 I. {para; 9} In his sole Assignment of Error, appellant contends the trial court erred and violated his constitutional rights by denying his speedy trial motion to dismiss, filed November 29, 2005.
{para; 10} The right to a speedy trial is encompassed within theSixth Amendment to the United States Constitution. The availability of a speedy trial to a person accused of a crime is a fundamental right made obligatory on the states through the Fourteenth Amendment. State v.Ladd (1978), 56 Ohio St.2d 197, 383 N.E.2d 579; State v. Pachay (1980),64 Ohio St.2d 218, 416 N.E.2d 589. Ohio's Speedy Trial statute codifies the constitutional guarantee of a speedy trial. Pachay, supra. Our initial task in reviewing a speedy trial issue is to count the days of delay chargeable to either side and determine *Page 4 
whether the case was tried within the time limits set by R.C. 2945.71.Oregon v. Kohne (1997), 117 Ohio App.3d 179, 180, 690 N.E.2d 66;State v. DePue (1994), 96 Ohio App.3d 513, 516, 645 N.E.2d 745.
{para; 11} R.C. 2945.71(B)(2) mandates that a person against whom a charge of a first-or second-degree misdemeanor is pending shall be brought to trial within ninety days after the person's arrest or the service of summons. Our review of a trial court's decision regarding a motion to dismiss based upon a violation of the speedy trial provisions involves a mixed question of law and fact. State v. McDonald (June 30, 1999), Mahoning App. Nos. 97CA146 and 97CA148. Due deference must be given to the trial court's findings of fact if supported by competent, credible evidence. Id. However, we must independently review whether the trial court properly applied the law to the facts of the case. Id. Furthermore, when reviewing the legal issues presented in a speedy trial claim, an appellate court must strictly construe the relevant statutes against the state. Id., citing Brecksville v. Cook (1996),75 Ohio St.3d 53, 57, 661 N.E.2d 706.
{para; 12} The record in the case sub judice reveals the following pertinent procedural facts:
{para; 13} Appellant was arrested on June 10, 2005. On June 15, 2005, appellant's trial counsel requested discovery from the State pursuant to Crim. R. 16. On July 27, 2005, the State responded to appellant's discovery request, but also filed its own request for discovery from appellant. On September 6, 2005, the State filed a motion to continue the trial. The trial court granted the State's motion and continued the trial until October 27, 2005. On the day of scheduled trial, appellant filed a motion to continue, *Page 5 
which was granted, resulting in a new trial date of December 1, 2005. On November 29, 2005, appellant filed his motion to dismiss on speedy trial grounds, which the court denied. Appellant later asked the court to reconsider its denial, but the court declined to do so via judgment entry filed March 24, 2006.
{para; 14} Accordingly, a total of 139 days elapsed between the date of arrest in this matter and the October 27, 2005 trial date. Appellant concedes that his speedy trial time was tolled from June 15, 2005 (when he requested discovery) until July 27, 2005 (when the State produced discovery). Appellant's Brief at 12. These 42 tolled days, subtracted from the 139 total days, result in a figure of 97 days, as appellant recited in his motion to dismiss of November 29, 2005.
{para; 15} The paramount issue before us concerns the impact on the speedy trial calculation of the State's request for discovery from appellant, which was filed on July 27, 2005 (contemporaneously with the State's response to appellant's discovery request). Generally, speedy trial time is not tolled by the State's reciprocal demand for discovery per se. See State v. Holbert, Cuyahoga App. No. 88016, 2007-Ohio-986, f.n. 1, citing State v. Borrero, Cuyahoga App. No. 82595, 2004-Ohio-4488. However, in the case sub judice, the trial court concluded that because appellant never formally responded to the State's discovery request, the time was tolled. Judgment Entry, March 24, 2006, at 2.
{para; 16} The State's demand for discovery of July 27, 2005 reads as follows:
{para; 17} "The Law Director requests the Defendant to permit the Law Director to inspect and copy or photograph books, papers, documents, photographs, tangible objects, or copies or portions thereof, available to or within the possession, custody or *Page 6 
control of the Defendant and which the Defendant intends to introduce into evidence at the trial.
{para; 18} "The Law Director further requests the Defendant to permit the Law Director to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this particular case, or copies thereof, available to or within the possession or control of the Defendant, and of which the Defendant intends to introduce into evidence at the trial, or which were prepared by a witness whom the Defendant intends to call at the trial, when such results or reports relate to this testimony.
{para; 19} "The Law Director requests the Defendant to furnish the Law Director a list of the names and the addresses of the witnesses he intends to call at the trial."
{para; 20} Appellant specifically contends that he had no duty to respond to the State's discovery demand based on the wording thereof, and that essentially he responded sub silentio. Nonetheless, the Ohio Supreme Court recently concluded that a defendant's failure to respond within a reasonable time to a prosecution request for reciprocal discovery constitutes neglect that tolls the running of speedy-trial time pursuant to R.C. 2945.72(D). State v. Palmer, 112 Ohio St.3d 457,462, 860 N.E.2d 1011, 2007-Ohio-374. The Supreme Court additionally held that "a trial court shall determine the date by which the defendant should reasonably have responded to a reciprocal discovery request based on the totality of facts and circumstances of the case, including the time established for response by local rule, if applicable." Id.
{para; 21} As we are not fact-finders, and given that Palmer had not yet been decided at the time of the relevant proceedings sub judice, we find that the proper *Page 7 
remedy in this matter is to remand the case to the trial court for a review on the record of whether appellant's "silent" response to the State's discovery request was reasonable under the local rules and practices of Mount Vernon Municipal Court. If the trial court finds appellant's failure to formally respond was outside the date by which appellant should reasonably have responded, the trial court may re-enter the judgment and sentence. Cf. State v. Murphy (Feb. 22, 2000), Richland App. No. 99CA48.
{para; 22} We note that our remand in this matter would probably be unnecessary if appellant's motion to continue of October 27, 2005, which stated that the parties were involved in a "last-ditch effort" to settle, could be construed as a written waiver of speedy trial rights. The State urges that we reach such a conclusion and overrule appellant's assigned error on this additional basis. See Appellee's Brief at 4. However, appellant's said motion to continue is silent as to any waiver of speedy trial by the accused. Hence, we would be disinclined to find appellant retroactively waived his rights on this basis prior to his filing of the motion to dismiss on November 29, 2005.
{para; 23} Appellant's sole Assignment of Error is therefore sustained to the extent that further review is necessary by the trial court. *Page 8 
 {para; 24} For the reasons stated in the foregoing opinion, the judgment of the Mount Vernon Municipal Court, Knox County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.
Wise, P. J. Edwards, J., and Delaney, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Mount Vernon Municipal Court, Knox County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.
 Costs to be split evenly between appellant and appellee. *Page 1