OPINION *Page 2 
{¶ 1} Appellant Bryan A. Moore appeals his conviction, in the Mount Vernon Municipal Court, for driving under the influence of drugs or alcohol (R.C. 4511.19(A) (1) (a)). The relevant facts leading to this appeal are as follows.
 {¶ 2} On June 10, 2005, Knox County Sheriffs deputies while driving near Mount Vernon, Ohio stopped appellant. Appellant was arrested and charged with driving under the influence of drugs or alcohol, a misdemeanor of the first degree, failure to drive in marked lanes, a minor misdemeanor, and endangering children, a misdemeanor of the first degree.
 {¶ 3} On June 14, 2005, appellant appeared for arraignment and entered a plea of not guilty to all charges. The next day, appellant's counsel entered an appearance on appellant's behalf and filed a request for discovery. The court thereafter scheduled a pre-trial conference for July 25, 2005, and a jury trial for August 18, 2005. As further discussed and analyzed infra, the trial was subsequently continued, first to October 27, 2005, and then to December 1, 2005.
 {¶ 4} On November 29, 2005, appellant filed a motion to dismiss based on a claim of speedy trial violation. Following a hearing, the trial court filed a judgment entry denying appellant's motion to dismiss on December 8, 2005.
 {¶ 5} On December 20, 2005, the trial court again rescheduled the trial, setting the date as February 23, 2006. On February 7, 2006, appellant filed a motion to reconsider the previous denial of his motion to dismiss. The court thereupon postponed the February 23, 2006 trial, and scheduled a hearing on the motion to reconsider for March 10, 2006. After said hearing, the court took the matter under advisement. On *Page 3 
March 24, 2006, the court issued a judgment entry finding that appellant's right to a speedy trial had not been violated.
 {¶ 6} The trial was then rescheduled for May 4, 2006. On that date, appellant appeared with counsel and changed his plea to no contest on the DU I charge. Appellant was found guilty and sentenced to, inter alia, twenty days in jail with five years of community control. The remaining charges were dismissed.
 {¶ 7} Appellant timely appealed and this Court reversed and remanded the case to the Mount Vernon Municipal Court "for a review on the record of whether appellant's `silent' response to the State's discovery request was reasonable under the local rules and practices of Mount Vernon Municipal Court. If the trial court finds appellant's failure to formally respond was outside the date by which appellant should reasonably have responded, the trial court may re-enter the judgment and sentence. Cf. State v. Murphy (Feb. 22, 2000), Richland App. No. 99CA48."State v. Moore, 5th Dist. No. 06 CA 17, 2007-Ohio-2174
at ¶ 21.
 {¶ 8} Upon remand, the trial court found by Judgment Entry filed May 17, 2007 that "the Defendant's failure to respond to the State's request for discovery within thirty (30) days constitutes neglect for which the Defendant is responsible. Therefore, only the first thirty (30) days from the time the State demanded discovery until the Defendant responds is chargeable to the State for speedy trial purposes. The balance of the time is a tolling event . . . The Court finds that the State is chargeable with five (5) days between June 10, 2005 and June 15, 2005 and with thirty (30) days beginning July 27, 2005. Therefore, a total of only thirty-five days are chargeable to the State for purposes *Page 4 
of the requirement that the Defendant's matter be tried within ninety (90) days after being charge." The trial court also scheduled a July 28, 2007 trial date in this entry.
 {¶ 9} On May 22, 2007 appellant filed a "Motion to Vacate Trial Date and to set an Evidentiary Hearing Pursuant to the Opinion and Order by the Court of Appeals." The trial court set the appellant's motion for hearing and a status conference by Judgment Entry filed June 7, 2007. The trial court further continued the trial date to July 19, 2007.
 {¶ 10} On June 28, 2007 appellant filed "Defendant's Certification as to Discovery Request" with the trial court. The document states, in its entirety, "Now comes Defendant, through counsel of record, and states that he has no discovery responsive to the request of the prosecutor and that he does not plan to call any witnesses at trial."
 {¶ 11} On July 5, 2007 by letter appellant's counsel notified the prosecuting attorney that appellant did not want to proceed to trial and that appellant intended to enter a no contest plea and appeal the trial court's decision relating to the trial court's ruling on this Court's remand order.
{¶ l2} By Journal Entry filed July 18, 2007 the trial court overruled appellant's motion to vacate and for evidentiary hearing and scheduled the matter for jury trial on July 19, 2007.
{¶ l3} On July 19, 2007 appellant pled no contest to one count of OVI, refusal, in violation of R.C. 4511.19(A) (1) (a). The trial court sentenced appellant to the same sentence that it had imposed originally. However, the trial court increased appellant's Class 4 operator's license suspension from two (2) years to five (5) years. *Page 5 
 {¶ l4} On July 19, 2007 appellant filed his notice of appeal, raising the following three assignments of error:
 {¶ 15} "I. THE TRIAL COURT ERRED AND VIOLATED APPELLANT'S SPEEDY TRIAL RIGHTS WHEN IT DENIED APPELLANT'S MOTION TO DISMISS OF NOVEMBER 29, 2005.
{¶ l6} "II. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY FAILING TO PROVIDE APPELLANT `A REVIEW ON THE RECORD,' AS ORDERED BY THIS COURT, ON WHETHER APPELLANT'S `SILENT' RESPONSE TO THE STATE'S DISCOVERY REQUEST WAS REASONABLE UNDER THE LOCAL RULES AND PRACTICES OF THE MOUNT VERNON MUNICIPAL COURT.
{¶ l7} "III. THE TRIAL COURT'S INCREASE IN APPELLANT'S SENTENCE FROM TWO YEARS TO FIVE YEARS UNDER A CLASS 4 OPERATOR'S LICENSE SUSPENSION CONSTITUTED VINDICTIVE SENTENCING."
 I. II. {¶ 18} In his First Assignment of Error, appellant contends the trial court erred and violated his constitutional rights by denying his speedy trial motion to dismiss filed November 29, 2005. In his Second Assignment of Error appellant contends that the trial court erred by not conducting an evidentiary hearing before ruling upon his motion to dismiss. We disagree.
{¶ l9} "We begin by noting our lengthy history of Sixth Amendment jurisprudence, including the application of R.C. 2945.71. The right to a speedy trial is a fundamental right guaranteed by the Sixth Amendment to the United States Constitution, made obligatory on the states by theFourteenth Amendment. Section 10, *Page 6 
Article I of the Ohio Constitution guarantees an accused this same right. State v. MacDonald (1976), 48 Ohio St.2d 66, 68, 2 O.O.3d 219,220, 357 N.E.2d 40, 42. Although the United States Supreme Court declined to establish the exact number of days within which a trial must be held, it recognized that states may prescribe a reasonable period of time consistent with constitutional requirements. Barker v. Wingo
(1972), 407 U.S. 514, 523, 92 S.Ct. 2182, 2188, 33 L.Ed.2d 101, 113.'"State v. Parker, 113 Ohio St.3d 207, 2007-Ohio-1534 at ¶ 11. [QuotingState v. Hughes (1999), 86 Ohio St.3d 424, 425, 715 N.E.2d 540.].
 {¶ 20} In Ohio, the right to a speedy trial has been implemented by statutes that impose a duty on the state to bring a defendant who has not waived his rights to a speedy trial to trial within the time specified by the particular statute. R.C. 2945.71 et seq. applies to defendants generally. R.C. 2941.401 applies to defendants who are imprisoned within the State of Ohio. State v. Smith, 140 Ohio App.3d 81,85-86, 2000-Ohio-1777, 746 N.E.2d 678, 682.
 {¶ 21} As Chief Justice Moyer wrote in Brecksville v. Cook (1996),75 Ohio St.3d 53, 55-56, 661 N.E.2d 706:
 {¶ 22} "Ohio's speedy trial statute was implemented to incorporate the constitutional protection of the right to a speedy trial provided for in the Sixth Amendment to the United States Constitution and in Section 10, Article I of the Ohio Constitution. State v. Broughton (1991),62 Ohio St.3d 253, 256, 581 N.E.2d 541, 544; see Columbus v. Bonner (1981),2 Ohio App.3d 34, 36, 2 OBR 37, 39, 440 N.E.2d 606, 608. The constitutional guarantee of a speedy trial was originally considered necessary to prevent oppressive pretrial incarceration, to minimize the anxiety of the accused, and *Page 7 
to limit the possibility that the defense will be impaired. State exrel. Jones v. Cuyahoga Cty. Ct. of Common Pleas (1978),55 Ohio St.2d 130, 131, 9 O.O.3d 108, 109, 378 N.E.2d 471, 472.
 {¶ 23} "Section 10, Article I of the Ohio Constitution guarantees to the party accused in any court `a speedy public trial by an impartial jury.' Throughout the long history of litigation involving application of the speedy trial statutes, this court has repeatedly announced that the trial courts are to strictly enforce the legislative mandates evident in these statutes. This court's announced position of strict enforcement has been grounded in the conclusion that the speedy trial statutes implement the constitutional guarantee of a public speedy trial.' (Citations omitted.) State v. Pachay (1980), 64 Ohio St.2d 218,221, 18 O.O.3d 427, 429, 416 N.E.2d 589, 591.
 {¶ 24} "We have long held that the statutory speedy-trial limitations are mandatory and that the State must strictly comply with them.Hughes, 86 Ohio St.3d at 427, 715 N.E.2d 540. Further, `the fundamental right to a speedy trial cannot be sacrificed for judicial economy or presumed legislative goals.' Id." State v. Parker, supra 2007-Ohio-1534 at ¶ 12-15.
 {¶ 25} The record upon remand in the case sub judice reveals, as previously noted, that the trial court found by Judgment Entry filed May 17, 2007 that "the Defendant's failure to respond to the State's request for discovery within thirty (30) days constitutes neglect for which the Defendant is responsible. Therefore, only the first thirty (30) days from the time the State demanded discovery until the Defendant responds is chargeable to the State for speedy trial purposes. The balance of the time is a tolling event . . . The Court finds that the State is chargeable with five (5) days *Page 8 
between June 10, 2005 and June 15, 2005 and with thirty (30) days beginning July 27, 2005. Therefore, a total of only thirty-five days are chargeable to the State for purposes of the requirement that the Defendant's matter be tried within ninety (90) days after being charge."
 {¶ 26} Appellant once again contends first that his right to a speedy trial was violated and further that local custom and practice permit defendants to answer sub silentio to the State's discovery requests and this practice made appellant's response reasonable within the context of local practice. Appellant maintains that he would have presented evidence had the trial court conducted a hearing that it is the local practice of criminal defense attorney's in Mount Vernon to answersub silentio.
 {¶ 27} Addressing the appellant's contention that local practice permits a party to ignore an opposing party's discovery request in a criminal case, we note:
 {¶ 28} ". . . Crim. R. 16 contemplates an informal step-that being the demand or written request for discovery of one party upon another party. It does not require court intervention. However, the fact that the court is not involved does not diminish the duty of the parties to comply with the rules at that point in the discovery process. As we have observed, Crim.R. 16(A) states: `Upon written request each party shall forthwith provide the discovery herein allowed. * * *' (Emphasis added.) The word `shall' has been consistently interpreted to make mandatory the provision in which it is contained, absent a clear and unequivocal intent that it receive a construction other than its ordinary meaning.Dorrian v. Scioto Conserv. Dist. (1971), 27 Ohio St.2d 102,56 O.O.2d 58, 271 N.E.2d 834, paragraph one of the syllabus. The rule does not grant discretion to a party to ignore a request of an opposing party until a court orders *Page 9 
compliance." Lakewood v. Papadelis (1987), 32 Ohio St.3d 1, 3-4,511 N.E.2d 1138, 1140.
 {¶ 29} In the case at bar, no local rule of practice in Mount Vernon Municipal Court permits a defendant to ignore a discovery request. Article IV, Section 5(B) of the Ohio Constitution give the lower courts authority to enact "additional rules concerning local practice" so long as such rules "are not inconsistent with the rules promulgated by the Supreme Court." The Ohio Rules of Criminal Procedure were promulgated by the Ohio Supreme Court pursuant to Article IV, Section 5(B) of the Ohio Constitution. See, State ex rel. Beacon Journal Publishing Co. v.Waters (Ohio 1993) 67 Ohio St.3d 321, 617 N.E.2d 1110. The trial court noted in its Journal Entry of July 18, 2007 "[a] `local practice' permitting a sub silentio response to the State's discovery request would be in conflict with Criminal Rule 16(A) that mandates a response `forthwith' and is thus prohibited by Criminal Rule 57 which prohibits any local rule of practice that is inconsistent with the rules promulgated by the Ohio Supreme Court." [Journal Entry, July 18, 2007 at 4].
 {¶ 30} Accordingly, the trial court in the case at bar did not abuse its discretion by failing to conduct an evidentiary hearing upon remand. Appellant has suffered no prejudice as any local practice of ignoring an opposing party's discovery request is expressly forbidden by the Rules of Criminal Procedure promulgated by the Ohio Supreme Court.
 {¶ 31} Nor do we find that the trial court abused its discretion by tolling only the first thirty (30) days from the time the State demanded discovery. *Page 10 
 {¶ 32} In State v. Palmer, 112 Ohio St.3d 457, 2007-Ohio-374,860 N.E.2d 1011, it took the defense 60 days to respond to discovery. In that response, Palmer revealed that he had nothing to disclose and acknowledged his duty under Crim.R. 16(D) to supplement his response should that circumstance change. Id. at ¶ 23. The trial court tolled 30 of those 60 days against Palmer. The appellate court reversed that holding and reversed Palmer's conviction. The Supreme Court reversed the appellate court and reinstated that trial court's holding. It explained that, "a trial court shall determine the date by which the defendant should reasonably have responded to a reciprocal discovery request based on the totality of facts and circumstances of the case, including the time established for response by local rule, if applicable." Id. at ¶ 24.
 {¶ 33} The circumstances of this case and the response given to the discovery request, which appellant filed on June 28, 2007, indicate that the appellant took an unreasonable amount of time to respond to discovery. Thus, some portion of that time should toll the speedy trial time. In Palmer, supra, the Ohio Supreme Court noted "[appellant's] response clearly could have been prepared and served much earlier than 60 days after it was requested, and it was neglect on the part ofPalmer not to have done so. The trial court therefore did not abuse its discretion in tolling the running of speedy-trial time after 30 days had passed from service of the State's request." The case at bar is indistinguishable from the situation the Ohio Supreme Court addressed inPalmer.
 {¶ 34} Therefore only thirty (30) of the ninety-seven days elapsed are chargeable against the State. State v. Moore, 5th Dist. No. 06 CA 17, 2007-Ohio-2174 at ¶ 14. *Page 11 
 {¶ 35} Accordingly, we find no abuse of discretion in the trial court's overruling appellant's motion to dismiss, as appellant's right to a speedy trial was not violated.
 {¶ 36} Appellant's First and Second Assignments of Error are overruled.
 III. {¶ 37} In his third assignment of error, appellant maintains that the new, harsher license suspension after this Court reversed and remanded his case for a new hearing was a result of vindictiveness and thus a violation of appellant's due process rights.
 {¶ 38} In North Carolina v. Pearce (1969), 395 U.S. 711,89 S.Ct. 2072, the Supreme Court set aside the sentence of a state prisoner who had successfully appealed his conviction but upon remand was given a harsher sentence. The Court stated that a defendant's due process rights were violated when, after a successful appeal, a harsher sentence was imposed because of vindictiveness. The Court went on to hold that, if a more severe sentence is imposed following appeal, the reasons for the harsher sentence must appear on the record and must be "based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." Id. at 726, 89 S.Ct. at 2081. Subsequent to the decision inPearce, the Supreme Court decided Wasman v. United States (1984),468 U.S. 559, 104 S.Ct. 3217, 82 L.Ed.2d 424. In Wasman, the Court clarified its Pearce holding by making it clear that enhanced sentences on remand were not prohibited unless the enhancement was motivated by actual vindictiveness against the defendant as punishment for having exercised his constitutionally guaranteed rights. 468 U.S. at 568,104 S.Ct. at 3222-23. The Supreme Court further clarified the Pearce doctrine inAlabama v. Smith (1989), 490 U.S. 794, 109 S.Ct. 2201 explaining that, *Page 12 
unless there was a "reasonable likelihood" that the increased sentence was the product of actual vindictiveness, the burden was on the defendant to show actual vindictiveness. Id. at 799,109 S.Ct. at 2204-05.
 {¶ 39} Pearce permits a court to impose a higher sentence on remand, but simultaneously requires that court to give reasons based upon objective information concerning identifiable conduct on the part of the defendant, 395 U.S. at 726, 89 S.Ct. 2072. "Relevant conduct or events" sufficient to overcome the presumption of vindictiveness are those that throw "new light upon the defendant's `life, health, habits, conduct, and mental and moral propensities.'" Id. at 570-71, 104 S.Ct. 3217
(quoting Williams v. New York (1949), 337 U.S. 241, 245, 69 S.Ct. 1079). In the end, a court imposing a higher sentence on remand must "detail the reasons for an increased sentence or charge" so that appellate courts may "ensure that a non-vindictive rationale supports the increase." Id. at 572, 104 S.Ct. 3217.
 {¶ 40} In Pearce, supra, the prosecution offered no evidence to justify the increased sentence of the defendant and made no effort to explain or justify the increased sentence.
 {¶ 41} "[T]he record must show more than that the judge simply articulated some reason for imposing a more severe sentence. The reason must have at least something to do with conduct or an event, other than the appeal, attributable in some way to the defendant." United States v.Rapal (9th Cir.1998), 146 F.3d 661, 664.
 {¶ 42} In the case at bar, the trial court articulated a non-vindictive reason for imposing a five-year license suspension upon re-sentencing. The following exchange occurred: *Page 13 
 {¶ 43} "THE COURT . . . Now we have a problem here with the driver's license suspension. Ohio law provides that — a couple of things: that it's a class 4, which is 1 to 5 years, and also provides that I give you credit for the time you spent under an Administrative License Suspension. You did serve one year under your Administrative License Suspension; is that correct, Mr. Moore?
 {¶ 44} "MR. MOORE: Yes, sir.
 {¶ 45} "THE COURT: Alright. And the two-then after that the stay a year ago was suspended. So you only spent one year under suspension; right? And it is my practice on second offenses to suspend that under a class 4 suspension for a period of 2 years. So if I were to do that now, and Ohio law makes it — requires that I make it retroactive to give you-so as to give — the only practical way to give you credit for the Administrative License Suspension is to make it retroactive to the date that the Administrative License Suspension began of June 10th of 2005. Well if I were to do that, I'd suspend the license and the suspension's already over. So what I'm going to do, Mr. Moore, is actually I'm going to suspend your driver's license for a period of 5 years, retroactive to June 10th, 2005. Now I'm assuming — I'm not going-I'm going to deny the oral motion today for a stay of these proceedings, and then once your counsel files a written request with a proposed entry, then the stay will be granted. All right?
 {¶ 46} "MR. MOORE: Yes, sir.
 {¶ 47} "* * *
 {¶ 48} "THE COURT: So then, then once the appeal is over, if your appeal is successful, then this is all wiped out anyway. If it's unsuccessful, then the license suspension will be re-imposed as of June 10th, 2005. Then once, once you have served *Page 14 
a total of two years under suspension, all right, you know the — it took — the appeal last time took almost a year if I re — if I got my timing right.
 {¶ 49} "MR. MOORE: It did take a year, sir.
 {¶ 50} "MR. NICHOLS: A year, exactly.
 {¶ 51} "THE COURT: So assuming this one takes another year before they-and they get a decision, then after you, you know, then, then like I said, if you're — if your appeal's successful is done and we don't have to worry about it, but if you're unsuccessful and then this appeal — the suspension is imposed after you have served another year, the one you've served plus one more, then you come to the probation department and ask that the suspension be terminated early; alright?
 {¶ 52} "MR. MOORE: Yes, sir.
 {¶ 53} "THE COURT: Okay. So then once you have actually had two years total of being under suspension, we will then terminate the suspension. . . ."
 {¶ 54} [Sent. T., July 19, 2007 at 5-7].
 {¶ 55} We find that the record in appellant's case establishes a non-vindictive rationale supporting the increase in the driver license suspension.
 {¶ 56} Appellant's third assignment of error is overruled. *Page 15 
 {¶ 57} For all the foregoing reasons, the judgment of the Municipal Court of Mount Vernon, Ohio is affirmed.
Gwin, P.J., Farmer, J., and Delaney, J., concur.
 JUDGEMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Mount Vernon, Ohio is affirmed. Costs to appellant. *Page 1