OPINION *Page 2 
{¶ 1} Appellant, Bryan K. Hawk, appeals his conviction and sentence for one count of aggravated robbery. Appellee is the State of Ohio.
 STATEMENT OF FACTS AND CASE {¶ 2} On August 19, 2000, Jo Sharon Gartner was working from midnight to 8:00 a.m. as the clerk in the Dairy Mart store in Mount Vernon, Ohio. She began her nightly routine in the store, and shortly thereafter her "regulars" began to come in, mostly "bar stragglers" and people getting off work. Tr. 103.
 {¶ 3} At about 2:00 a.m., a man wearing "John Lennon" glasses came in and asked Jo Sharon to break a $50 bill. He put his purchases, two pizzas and a Coke Freeze, on the counter, told her that he forgot his money, and left the store. She put the purchase "on hold" and proceeded to ring out other customers. After Jo Sharon rang out all the other customers in the store, appellant came back in. He told her that he couldn't find his money and asked if she could take a check. He then lifted up his shirt, revealing the butt of a gun tucked into the waistband of his pants.
 {¶ 4} The man told Jo Sharon that he wanted all the money from the register. He repeated the request three times before she understood what he was asking her to do. She gave him $65-75 in cash from the register. He left the store and told Jo Sharon to "have a nice day." Tr. 105. He left his purchases on the counter, including the Coke Freeze with a straw from which he had taken a drink earlier.
 {¶ 5} Jo Sharon called the police after the robber left the store. Police retrieved the straw from the Coke Freeze and sent it to the Ohio Bureau of Criminal Investigations. In 2006, DNA swabs had been taken from appellant, and they were *Page 3 
matched to the DNA sample taken from the straw. According to Lynda Eveleth, a forensic scientist in the DNA serology division of BCI, the DNA taken from the straw was consistent with appellant's DNA with an expected frequency of occurrence of 1 out of 158 quadrillion, 800 trillion, unrelated individuals.
 {¶ 6} Several hours after the incident at the Dairy Mart, two men walked into Hot Rod's Sunoco in Fredricktown. One of the men, who was wearing circular-shaped glasses, asked the clerk, Kristin Bloomfield, for a carton of cigarettes. She turned to grab the carton and when she turned back toward the men, one of them pulled out a gun and laid it on the counter. The man said, "Give me the money in the register and you will not get hurt." Tr. 266. Kristin gave him the money from the register. He told Kristin to lay on the floor. She laid on the floor and waited a few minutes, then called her mom. Her mom called the police, and Kristin pushed the panic button in the store to alert the police.
 {¶ 7} On March 6, 2007, appellant was indicted by the Knox County Grand Jury, in case number 07CR030032, on one count of aggravated robbery with a firearm specification in violation of R.C. 2911.01(A)(1) and R.C. 2923.11(B), arising from the robbery of the Mount Vernon Dairy Mart.
 {¶ 8} On March 7, 2007, a warrant was issued for appellant's arrest. On June 14, 2007, appellant was arrested and arraigned. The trial court set bond in the amount of $100,000.00 cash. Appellant was unable to post bond and remained incarcerated on the charge until the trial on December 11, 2007.
 {¶ 9} On September 11, 2007, a second indictment was returned against the appellant in case number 07CR090150, for one count of aggravated robbery with a *Page 4 
firearm specification, in violation of R.C. 2911.01(A)(1) and R.C. 2923.11(B), for the incident occurring at Hot Rod's Sunoco.
 {¶ 10} On September 11, 2007, appellant was served with the indictment in the Hot Rod case at the Knox County Jail where he was being held on the indictment in the Dairy Mart case. On September 28, 2007, appellant was arraigned on the Hot Rod case and the court gave appellant a personal recognizance bond.
 {¶ 11} On October 10, 2007, the State moved the court to join the two aggravated robbery cases for trial. On October 12, 2007, the court granted the State's motion.
 {¶ 12} On November 28, 2007, appellant moved the court to dismiss the indictment in case number 07CR030032 (the Dairy Mart Case), arguing that there had been a speedy trial violation. On November 29, 2007, the State filed a response arguing, in part, that appellant's speedy trial time had been tolled by appellant's failure to respond to the State's request for discovery which had been filed on July 20, 2007.
 {¶ 13} On December 11, 2007, the matter proceeded to jury trial. Prior to the presentation of evidence, the trial court denied appellant's motion to dismiss on speedy trial grounds.
 {¶ 14} On December 13, 2007, after the presentation of evidence, the jury acquitted appellant of aggravated robbery with a firearm specification in case number 07CR090150, the case arising from the robbery of Hot Rod's Sunoco. The jury found appellant guilty of aggravated robbery of the Dairy Mart store in case number 07CR030032 but acquitted appellant on the firearm specification. On January 18, 2008, *Page 5 
the appellant was sentenced to an eight year term of imprisonment for the aggravated robbery conviction.
 {¶ 15} It is from this conviction and sentence that appellant now seeks to appeal setting forth the following assignments of error:
 {¶ 16} "I. THE TRIAL COURT ERRED WHEN IT ENTERED JUDGMENT AGAINST THE DEFENDANT WHEN THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN A CONVICTION FOR AGGRAVATED ROBBERY.
 {¶ 17} "II. THE TRIAL COURT ERRED WHEN IT ENTERED JUDGMENT AGAINST THE DEFENDANT WHEN THE CONVICTION FOR AGGRAVATED ROBBERY WAS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 18} "III. THE TRIAL COURT ERRED WHEN IT DID NOT DISMISS THE INDICTMENT IN CASE NUMBER 07CR030032 (DAIRY MART) FOR THE FAILURE OF THE STATE OF OHIO TO PROVIDE THE DEFENDANT A SPEEDY TRIAL.
 {¶ 19} "IV. THE TRIAL COURT ERRED WHEN IT DID NOT INSTRUCT THE JURY ON THE ISSUE OF BEING `HOPELESSLY DEADLOCKED' AFTER THE JURY INDICATED THEY WERE DEADLOCKED ON THE DECISION FOR AGGRAVATED ROBBERY OF DAIRY MART.
 {¶ 20} "V. THE DEFENDANT'S RIGHT TO A GRAND JURY INDICTMENT UNDER THE OHIO CONSTITUTION, AND HIS RIGHT TO DUE PROCESS UNDER BOTH THE STATE AND FEDERAL CONSTITUTIONS WERE VIOLATED BECAUSE THE INDICTMENT IN CASE NO. 07CR030032 FAILS TO ALLEGE A MENS REA ELEMENT FOR THE OFFENSE OF AGGRAVATED ROBBERY." *Page 6 
 III {¶ 21} We address appellant's third assignment of error first. In the third assignment of error, appellant argues that the State failed to bring the aggravated robbery charge to trial within the speedy trial time set forth in R.C. 2945.71(E), and, therefore, the trial court erred in failing to dismiss the felony offense.
 {¶ 22} Pursuant to R.C. 2945.71(C)(2) a felony offense must be tried within 270 days of an arrest. Each day an accused is held in jail in lieu of bail counts as three days toward this deadline. Appellee concedes at page seven of its brief that appellant was arrested and held in jail starting June 11, 2007, and, therefore, without a tolling event he should have been tried on the 90th day after his arrest, which was September 9, 2007.
 {¶ 23} However, both the Ohio Revised Code and case law set forth events which toll this 270 day deadline. Among those tolling events is "any period of delay occasioned by the neglect or improper act of the accused." R.C. 2945.72(D). Appellee argues that the state filed a request for discovery on July 20, 2007, to which appellant never responded. Appellee argues that appellant's failure to respond to discovery constituted a period of delay occasioned by appellant's neglect and, therefore, the time within which he must be brought to trial was tolled during this time.
 {¶ 24} Appellant argues that the generally accepted practice in Knox County has been to not immediately respond to a request for discovery when the defendant does not have reciprocal discovery to provide. Appellant argues, "The number of actual trials versus negotiated guilty pleas is very small and therefore reciprocal discovery is provided to the State of Ohio after it is apparent that a negotiated plea is not possible and the case will be settled only at trial." Brief of appellant, page 11. *Page 7 
 {¶ 25} In reviewing a speedy trial claim, we must count the days of delay chargeable to either side and determine whether the case was tried within the time limits set forth in R.C. 2945.71. State v.Sanchez, 110 Ohio St.3d 274, 2006-Ohio-4478, ¶ 8. Our review of a trial court's decision regarding a motion to dismiss based upon a violation of the speedy trial provisions involves a mixed question of law and fact.State v. Moore, Knox App. No. 06-CA-17, 2007-Ohio-2174, ¶ 11. Due deference must be given to the trial court's findings of fact if supported by competent, credible evidence. Id. However, we must independently review whether the trial court properly applied the law to the facts of the case. Id. When reviewing the legal issues presented by a speedy trial claim, we must strictly construe the relevant statutes against the state. Id., citing Brecksville v. Cook (1996),75 Ohio St. 3d 53, 57, 661 N.E.2d 706.
 {¶ 26} In State v. Palmer (2007), 112 Ohio St.3d 457, 860 N.E.2d 1011, the Ohio Supreme Court considered a criminal defendant's failure to respond to discovery to be the kind of neglect contemplated by R.C. 2945.72(D) that tolls the speedy trial time. In Palmer, the defendant responded to the State's discovery request sixty (60) days after it was made by replying that he had no discoverable information to provide. On review, the Supreme Court stated:
 {¶ 27} "That response clearly could have been prepared and served much earlier than 60 days after it was requested, and it was neglect on the part of Palmer not to have done so. The trial court therefore did not abuse its discretion in tolling the running of speedy trial time after 30 days had passed from service of the State's request." Palmer at 462,860 N.E.2d 1011. *Page 8 
 {¶ 28} The Palmer Court held that the failure of a criminal defendant to respond to the State's request for reciprocal discovery within a reasonable time constitutes neglect that tolls the running of speedy trial time pursuant to R.C. 2945.72(D) Id. at paragraph one of the syllabus. The court further held:
 {¶ 29} "The trial court should determine the date by which a defendant should reasonably have responded to a reciprocal discovery request based on the totality of facts and circumstances of the case, including the time established for response by local rule, if applicable." Id. at paragraph 3 of the syllabus.
 {¶ 30} Shortly after Palmer was decided by the Ohio Supreme Court, this court considered a case where the appellant contended he had no duty to respond to the state's discovery demand based on the wording thereof, and he had essentially responded sub silentio. This Court held, "As we are not fact-finders, and given that Palmer had not yet been decided at the time of the relevant proceedings sub judice, we find that the proper remedy in this matter is to remand the case to the trial court for a review on the record of whether appellant's `silent' response to the State's discovery request was reasonable under the local rules and practices of the Mount Vernon Municipal Court."Moore, supra, at ¶ 21. See also State v. Hart, Columbiana No. 06-CO-62,2007-Ohio-3404, ¶ 18 ("[i]n accordance with Palmer, we remand the case to the trial court to determine how much of that 97 day time period should be tolled against Hart.")
 {¶ 31} In this case, the State filed a request for discovery on July 20, 2007. As of the trial date, December 11, 2007, 131 days had passed from the State's request, and appellant had failed to provide reciprocal discovery to the State. However, the trial court *Page 9 
made no finding concerning how much of this delay was unreasonable and constituted neglect on the part of the accused within the meaning of R.C. 2945.71(D). In fact, the record reflects no journalization of a ruling on appellant's motion to dismiss. At the beginning of trial, before the jury was seated, the following colloquy occurred between appellant's counsel and the court:
 {¶ 32} "Mr. Zanghi: We have one matter of the motion for dismissal of the first indictment. Has that been ruled on?
 {¶ 33} The Court: Obviously it has been denied because you are here to go to trial on this first and second indictment." Tr. 11.
 {¶ 34} Although this case is somewhat distinguishable fromMoore, because Palmer had been decided when the case sub judice was before the trial court, as we stated in Moore, we are not fact-finders and cannot make a finding as to how many days constituted a reasonable time for responding to the State's discovery demand, and what, if any, of the remaining time should toll the speedy trial clock as neglect occasioned by the accused.
 {¶ 35} Appellant's argument is based in part on the tendency of cases in Knox County to be settled by a negotiated plea, and the record reflects ongoing plea negotiations. The docket shows that at one point, a guilty plea hearing was scheduled for October 19, 2007, but jury trial was thereafter rescheduled. Before trial began, the record reflects that a negotiated plea offer was on the table, which appellant rejected in open court. Tr. 7-9, 11-12. We are not in a position to determine how many days constitutes a reasonable time to respond to a discovery demand under the facts and circumstances surrounding this case. Accordingly, we must remand this case to the *Page 10 
trial court to make this determination. Without this determination, we cannot determine the number of days to be charged to each side.Sanchez, supra.
 {¶ 36} The third assignment of error is sustained to the extent that further review is needed by the trial court.
 {¶ 37} Appellant's first, second, fourth and fifth assignments of error are rendered premature by our decision on assignment of error three.
 {¶ 38} The judgment of the Knox County Court of Common Pleas is hereby reversed regarding the ruling on the Motion to Dismiss for a speedy trial violation and this case is remanded for further proceedings consistent with this opinion.
Edwards, J. Hoffman, P.J. and Wise, J. concur *Page 11 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Knox County Court of Common Pleas regarding the ruling on the Motion to Dismiss for a speedy trial violation is reversed and remanded to the trial court for further proceedings. Costs assessed to appellee. *Page 1